(48 Misc. Rep. 175.)

PEOPLE ex rel. BOLT v. SOCIETY FOR PREVENTION OF CRUELTY
TO CHILDREN.

Ex parte BOLT.

(Supreme Court, Special Term, New York County. August, 1905.)

1. WITNESSES—COMMITMENT OF CHILDREN AS WITNESSES—STATUTORY PRO-
VISIONS.

Code Cr. Proc. §§ 215, 216, 218, authorize a magistrate, holding a defend-
ant to answer for a criminal offense, to require witnesses to enter into
undertakings to appear, or to commit them on failure to give security.
Section 217 provides that children, when witnesses, may be committed, as
provided by Pen. Code, § 291, to charitable institutions. *Held,* that chil-
dren, when witnesses, may be committed as authorized by section 291.

2. CONSTITUTIONAL LAW—DEPRIVATION OF LIBERTY.

A child on whom an assault has been committed is not, when committed
to the custody of a charitable institution as a witness against the assail-
ant, under Pen. Code, § 291, deprived of his constitutional liberty.

Application by the people, on the relation of Henry Bolt, against
the Society for the Prevention of Cruelty to Children for a writ
of habeas corpus for the release of Anna Bolt. Dismissed.

Thomas F. Byrne, for relator.
Cornelius J. Sullivan, for respondent.

GIEGERICH, J. In the Matter of Knowack, 158 N. Y. 482,
53 N. E. 676, 44 L. R. A. 699, it was held that the commitment of
a destitute child to a charitable institution, under section 291 of
the Penal Code, is not a criminal proceeding. In that case it was
said that commitments are of three classes, viz: (1) As a punish-
ment for crime, (2) where the proceeding is quasi criminal, and (3)
for care and guardianship. In the present instance, which in my
opinion falls within the third class above enumerated, the child has
been committed to the guardianship of the respondent society, under
the provisions of subdivision 6 of section 291 of the Penal Code, as a
witness in a proceeding in which the charge is made that she has
been the victim of a revolting assault. The argument of the re-
lator in support of the writ of habeas corpus is twofold: First,
that the commitment was made without any compliance with the
statutory provisions contained in sections 215, 216, and 218 of the
Code of Criminal Procedure, regulating the commitment of wit-
nesses. Section 217, however, expressly provides that:

"Children under the age of sixteen, when witnesses, may be committed as
provided by section two hundred ninety-one of the Penal Code, subject to the
order of the trial court."

This, as I construe it, excludes the applicability to the cases of
children of sections 215, 216, and 218, which relate only to commit-
ments of adults.

The second argument, as I understand it, is that the proceeding
in this case taken, even if in full compliance with the legislative
provisions, is nevertheless unconstitutional, in discriminating
against children and depriving them of their liberty without due
process of law. The difficulty with this argument is that the

child, unlike an adult witness, is held for her own good, as well as in the interests of society and the enforcement of the criminal laws. She is not, within the meaning of the constitutional provisions relied upon, deprived of her liberty at all, but rather, for her own welfare, she is intrusted temporarily to the care and custody of a society organized for such and kindred purposes, and recognized as a state agency.

The writ should be dismissed, and the child remanded to the custody and control of the respondent.