(119 App. Div. 88)

## WILSON v. COLLINS.

(Supreme Court, Appellate Division, Second Department. April 26, 1907.)

ARREST—CIVIL ACTIONS—REQUISITES OF AFFIDAVIT.

 An affidavit for the arrest of defendant in an action for fraud alleged, on plaintiff's own knowledge, that he bought of defendant a painting, relying on the representation that it was made by a designated artist, and that defendant made the representation with knowledge of its falsity

and with intent to defraud. Plaintiff was not an expert, and did not personally know who painted the picture. *Held*, that under Code Civ Proc. § 557, requiring proof by affidavit that a sufficient cause of action exists against defendant, the affidavit was insufficient, as plaintiff could not have had personal knowledge of the facts sworn to by him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Arrest, §§ 57, 60.]

Hooker and Rich, JJ., dissenting.

Appeal from Special Term, Westchester County.

Action by Francis Wilson against Samuel Collins. From an order denying a motion to vacate an order of arrest of defendant, he appeals. Reversed, and motion granted.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

R. Floyd Clarke and Bela D. Eisler (Francis S. Turner and Robert Goeller, on the brief), for appellant.

William D. Leonard, for respondent.

MILLER, J. The defendant appeals from an order denying a motion to vacate an order of arrest, and asserts that the affidavit upon which said order of arrest was granted is insufficient.

The action is for fraud. To obtain the order of arrest the plaintiff swore, as of his own knowledge, that he purchased of the defendant an oil painting, relying upon the representation that it was made by a well-known and celebrated Dutch artist named Mauve, and that the defendant made said representation with knowledge of its falsity and with intent to deceive and defraud the plaintiff. It is claimed that the plaintiff could not have had personal knowledge of all the facts sworn to, and that therefore the affidavit is entitled to no more force than if sworn to on information and belief. When the plaintiff purchased the picture, he supposed that it was painted by Mauve. It is impossible to see how he can now personally know who painted it, or what knowledge the defendant had on the subject. He does not pretend to be an expert, and he makes the statement as a fact, and not as an opinion. If we had proof of the facts from which the plaintiff makes the deduction sworn to, we might or might not be able to make the same deduction. Section 557 of the Code of Civil Procedure requires proof by affidavit that a sufficient cause of action exists against the defendant. Where the affiant cannot have had actual knowledge of the facts sworn to, his recklessness in swearing cannot obviate the necessity of furnishing proof of the facts and circumstances from which the court can draw the necessary conclusion.

The order should be reversed, and the motion granted

Order reversed, with $10 costs and disbursements, and motion granted, with costs. All concur, except HOOKER and RICH, JJ., who dissent.