ABRAHAM GOLUB, Respondent, *v.* ALEXANDER BARUCHIN, Appellant.

First Department, December 15, 1922.

**Arrest — action for criminal conversation and alienation of affections — affidavit insufficient to sustain order.**

An order of arrest is improperly granted in an action for criminal conversation and alienation of affections where the affidavit in support of the application fails to state the source of the affiant's information and states merely his conclusions of fact and no reason is given why affidavits of the persons who gave information of the alleged facts to the affiant were not obtained.

APPEAL by the defendant, Alexander Baruchin, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of October, 1922, denying defendant's motion to vacate an order of arrest.

*Benjamin Bernstein* of counsel, for the appellant.

*Joseph G. Fenster* of counsel, for the respondent.

GREENBAUM, J.:

This is an action for criminal conversation and alienation of affections. The order of arrest was based upon the complaint and plaintiff's own affidavit. The complaint and the supporting affidavit upon which the order of arrest was granted were wholly insufficient to sustain the order. The affidavit is replete with allegations, such as, that the affiant " ascertained " or " gathered "

certain information from unnamed persons and from undisclosed papers, as a result of which the affiant in each instance merely states his own conclusions of fact as to what was told to him, without revealing from whom he received the alleged information, or what in fact his unknown informants told him, and in the case of written papers, without stating whose writings they were or what was written therein. Indeed there is not the slightest probative force in any of the allegations or averments bearing upon the charges of alienation of affection or criminal conversation, nor is there any reason vouchsafed why the affidavits of the persons who imparted to plaintiff the alleged facts were not obtained.

In the language of a recent opinion of this court (*Boyle* v. *Semenoff*, 201 App. Div. 426, 432) " the affidavits, therefore, upon which the order of arrest was obtained, have no probative force, and the material allegations of the complaint are on information and belief, and the sources of information and grounds for belief are not shown."

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate the order of arrest granted, with ten dollars costs.

CLARKE, P. J., SMITH, PAGE and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion to vacate order of arrest granted, with ten dollars costs.