DAVID COHN, Plaintiff, *v.* GERSH REALTY CORPORATION and Others, Defendants.

Supreme Court, Erie County, May 29, 1930.

*Harold C. Conger*, for the defendant Julius L. Cohn.

*Benjamin D. Reisman*, for Joseph Mason and others.

*Jacob Kaufman*, for Myers & Waters Co., Inc.

CHARLES B. WHEELER, Official Referee. This is a proceeding in the above-entitled action to determine claims to certain surplus moneys arising on the foreclosure of a mortgage in this action. The amount of such surplus is the sum of $5,188.58.

The defendant Julius L. Cohn makes claim to said fund for the purpose of satisfying a certain mortgage given by the Gersh Realty Corporation to David Cohn dated July 27, 1926, and recorded the same day in the Erie county clerk's office to secure the payment of $3,000, which mortgage with the bond accompanying the same was

assigned by said David Cohn to the said Julius L. Cohn, on which the claimant contends the full amount of said mortgage is now due and owing with interest.

Subsequent to the execution and recording of said mortgage, mechanics' liens were filed by parties defendant against the mortgaged premises for work, labor and material furnished and going into the construction of a certain building erected on said premises.

The first and primary question for the referee to decide is whether said mortgage is a valid and prior lien to the mechanics' liens subsequently filed. Counsel for the lienors contends that the amount of this mortgage at most only represents in part indebtedness of the Gersh Realty Corporation, and on the mortgagee's own showing was given in part to secure an indebtedness owing individually by Philip Gersh and his wife, Rebecca Gersh, to David Cohn, and that at most said mortgage can be deemed a valid lien as against said lienors to the amount and extent of the advances made for the benefit of the Gersh Realty Corporation.

The referee, however, is of the opinion that even a more serious objection lies to the validity of said mortgage as against the claims of the lienors. This objection is based on the provisions of section 16 of the Stock Corporation Law of 1923 (as amd. by Laws of 1926, chap. 148).

This section authorizes domestic stock corporations to borrow money and mortgage their property, but among other things provides:

" § 16. Power to borrow money and mortgage property. 1. Every stock corporation other than a moneyed corporation shall have the power to borrow money and contract debts, when necessary for the transaction of its business, or for the exercise of its corporate rights, privileges or franchises, or for any other lawful purpose of its incorporation; and it may issue and dispose of its obligations for any amount so borrowed, and may mortgage its property and franchises to secure the payment of such obligations, or of any debt contracted for such purposes. The consent to the execution of such mortgage, except a purchase-money mortgage, by the holders of not less than two-thirds of the total number of shares outstanding entitled to vote thereon, given either in writing, or by vote at a meeting of the stockholders called for that purpose in the manner prescribed by section forty-five, shall be required. A certificate that such consent was given by the stockholders in writing, or that it was given by vote at a meeting as aforesaid, shall be subscribed, acknowledged and verified by the president or a vice-president and by the secretary or an assistant secretary of the corporation, and shall be filed and recorded in the office of the

recording officer of each county within the State in which the mortgage is filed or recorded, * * *. When authorized by like consent, the directors, under such regulations as they may adopt, may confer on the holder of any debt or obligation, secured or unsecured, the right to convert the principal thereof within such period and upon such terms and conditions as may be fixed by the resolution of the directors conferring the right of conversion, into stock of the corporation."

No such consent was ever executed or filed or recorded. Without such consent a corporate mortgage is deemed invalid and ineffectual to create a lien on corporate property. (*Leffert* v. *Jackman*, 227 N. Y. 310, citing many decisions of the courts, and among others *Rochester Savings Bank* v. *Averell*, 96 N. Y. 467, and *Vail* v. *Hamilton*, 85 id. 453.)

The referee has stated no consent required by section 16 of the Stock Corporation Law was ever executed, filed or recorded.

On the hearing in this proceeding, counsel for Julius L. Cohn did produce and offer in evidence affidavits made by Philip Gersh, the president of the realty company, and by Mrs. Gersh, his wife, that these two held and owned all the stock of the Gersh Realty Corporation, except one share, and that the mortgage in question was made and delivered with their full knowledge and consent. This affidavit was made on the 27th day of July, 1927, and after the liens of the various lienors asserting claims had been filed. This affidavit was delivered to either David Cohn, the mortgagee, or to David L. Cohn, his assignee, but does not appear to have been ever recorded or acknowledged.

It certainly does not meet the requirements of section 16 as quoted.

Even if this affidavit may be deemed as a legal consent to mortgage, nevertheless a subsequent consent can only validate a mortgage where no intervening rights attach. (*Rochester Savings Bank* v. *Averell*, 96 N. Y. 467; cited in 122 id. 177, and in *Black* v. *Ellis*, 129 App. Div. 156 and in 10 Cyc. 1191.)

Inasmuch as the liens in question attached prior to the making of the affidavit (if it can be deemed a consent to mortgage), the mechanics' liens must be held under the decisions to be superior to the mortgage in question and have a prior right to participate in the distribution of surplus moneys.

Section 17 of the Stock Corporation Law of 1923 (Laws of 1923, chap. 787) does not save the rights of the mortgagee. That section in substance provides that where a mortgage has been executed by authority of the board of directors of a stock corporation, and recites or represents that its execution was duly consented to or

authorized by stockholders, such recital or representation shall be presumptive evidence that such mortgage has been duly and sufficiently consented to and authorized by stockholders as required by any provision of law.

The mortgage in question in this case contains no such representation or recital.

The section in question goes further and provides that where any such mortgage (in one containing such recital) shall have been recorded for more than one year then such recitals or representation shall be conclusive evidence of the necessary consent. Here again there being no such recitals in the mortgage the section has no application to this case.

Consequently the referee is forced to the conclusion that the $3,000 mortgage in question is invalid as against the mechanics, liens filed and proven in this proceeding and must be postponed to such liens.

The claim is made by the lienors that in any event the mortgage in question was given to secure in part money advanced for the benefit of Philip Gersh and Rebecca Gersh on properties owned by them in common with David Cohn, the mortgagee, and is, therefore, only a valid lien in any event to the extent of advances made for the benefit of the Gersh Realty Corporation. The contention is doubtless correct, but inasmuch as the referee holds that the liens for material are superior to that of the mortgagee for the reasons already stated, and inasmuch as the Gersh Realty Corporation, the mortgagor, does not contest the validity of said mortgage in whole or in part, and no general creditors of said corporation appear to contest said mortgage, the referee does not deem it incumbent on him to go into the question of the validity of said mortgage beyond holding the liens of materialmen for the grounds stated are superior to the lien of said mortgage.

The United Glazing Co., Inc., on December 15, 1920, filed a lien (describing the property in question) for the sum of $995. In the notice so filed it was stated that Philip Gersh was the owner of said property and the contract was with him personally. The referee is of the opinion that the notice of this lien is defective for a failure to comply with the requirements of section 9 of the Lien Law (as amd. by Laws of 1929, chap. 515) and is, therefore, disallowed.

The surplus moneys arising in this action should be applied to the payment of the liens filed in the following order:

*First*, to the lien of Louis Rosen for the sum of $525, filed December 6, 1926, with interest thereon.

*Second*, to the lien of Abraham and Joseph Mason for the sum of $1,477.13, filed December 31, 1926, with interest thereon.

*Third,* to the lien of Louis Fogel for $275, filed January 8, 1927, with interest thereon.

*Fourth,* to the lien of Myers & Waters Co., Inc., for $200, filed June 30, 1927, with interest thereon.

The balance of said fund should be paid to the claimant, Julius Cohn, assignee of the said mortgage for $3,000 above described.

Let a report and decision be drawn in accordance with the views above stated.