HARRY B. HAMMOND, Respondent, v. CITIZENS NATIONAL BANK OF POTSDAM, Appellant. (Action No. 2.)

Third Department, October 2, 1940.

*Frank L. Cubley,* for the appellant.

*Oliver D. Burden,* for the respondent.

Schenck, J.  This is an appeal from an order of the Special Term of the Supreme Court, St. Lawrence County, which order denied alternative motions by the defendant-appellant herein for the following relief:

1st.  For judgment dismissing the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action.

2d.  In case the above application was denied, then for judgment dismissing the complaint on the ground that another action is pending between the same parties for the same cause.

3d.  In case both the above applications were denied, then for an order striking out of the complaint certain words, phrases and paragraphs.

The court below denied the motions without prejudice, however, " to renew before the Trial Court during the trial."  I think the order was in the main proper and should be affirmed with certain modifications as to the 3d paragraph, *supra.*  In the first place, the complaint clearly states facts sufficient to constitute a cause of action.  The basis of the complaint is that the plaintiff was never served with the complaint in another action in which the defend-

ant took judgment against him. It was proper for him to allege the facts leading to the entry of the judgment upon "information and belief" because presumably he had no personal knowledge of the service upon a person other than himself or of the facts concerning the lack of service altogether. It is true that the complaint, after alleging the factual basis for the cause of action in this manner, contained repetitious and somewhat redundant matter. This does not prejudice the defendant, however, and does not affect the validity of the complaint.

In regard to the second ground for dismissal of the complaint, it is sufficient to point out that this action is not the same as the action now pending between the parties. The first action was to recover a sum of money, whereas this action is to declare a judgment void and have it expunged from the record on the theory that no personal service was ever effected on this plaintiff. It is possible that the two actions could or should be tried together but that question is not before this court. In any event, the previous action cannot deprive plaintiff of commencing this action to avoid the allegedly invalid judgment.

In regard to paragraph numbered 3d of the relief demanded on this motion, I think the court below was correct in permitting such words as "purported," "pretended," and "alleged," etc., to stand. There is no basis for the striking out of such adjectives. It is possible that a bill of particulars could properly be demanded of the plaintiff upon this point, but that matter is not before us at present.

Certain other allegations in the complaint, however, are extraneous to the issue and, while they do not prejudice defendant sufficiently to invalidate the complaint, should be stricken out. This applies to the last clause of paragraph "Second" commencing after the word "New York;" subdivisions "c" and "d" of paragraph "Third" and all of paragraphs "Fourth" and "Fifth." The order should be modified to exclude these portions of the complaint and, as so modified, affirmed.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order modified in accordance with opinion and, as so modified, affirmed, with ten dollars costs and disbursements to the appellant.