In the Matter of "Helen Jones", Petitioner, against Rochester Society for the Prevention of Cruelty to Children, Inc., Respondent.*

Supreme Court, Special Term, Monroe County, September 15, 1954.

* Names used herein are fictitious for purposes of publication.

*Glenn L. Buck* for petitioner.

*Joseph Buff* for respondent.

*Harry L. Rosenthal, District Attorney (John C. Little* of counsel), *amicus curiæ.*

WITMER, J. This is a habeas corpus proceeding instituted by " Helen Jones ", the mother of " Ann Brown ", fifteen years old, for the release of said minor from detention by the respondent, the Rochester Society for the Prevention of Cruelty to Children, Inc., which society is acting under an order of detention by Monroe County Children's Court.

Petitioner charges that the order of detention was improperly made because it was founded solely upon the petition of an individual whose allegations are made only upon information and belief. The allegations are that " by reason of immorality and depravity " this petitioner's husband, stepfather of the minor, " is unfit to properly care for said child in that he has committed immoral acts against said child * * * which have endangered and corrupted the morals of said child ", and that the minor's mother, petitioner herein, " with whom said child resides, having knowledge of said improper acts against said child, has condoned same or * * * (has done) nothing to prevent same. That said child is now at the S. P. C. C. and * * * (affiant) believes that the welfare of said child requires that her custody be immediately assumed by the Court ".

Upon the issuance of the order of detention a summons was also issued and served upon this petitioner and her husband under section 11 of the Children's Court Act, requiring them to appear in Children's Court and show cause why the court should not deal with said minor according to the provisions of the Children's Court Act. They have appeared in that proceeding in Children's Court by the same attorney who is representing petitioner herein, and have asked for and secured repeated adjournments of the hearing in that court.

It also appears that the District Attorney presented to the Grand Jury in this county evidence against the stepfather con-

cerning his alleged acts which are the basis of the Children's Court proceeding, and that the Grand Jury has indicted the stepfather, charging him with the crime of rape, second degree, in two counts. Petitioner's attorney herein represented the stepfather in this court last month in unsuccessful efforts to secure dismissal of the indictment and to examine the Grand Jury minutes.

Upon the return of the writ herein this court spoke privately with the minor, " Ann Brown ", and she advised the court that she is being well treated by respondent society, and desires to remain with the society pending the determination of the Children's Court proceeding; and she does not join with her mother, petitioner herein, in this application for a writ of habeas corpus.

This court is disturbed by the informality of the proceeding in Children's Court, at least to the extent of the failure to reveal therein what is orally acknowledged to be the fact, namely, that petitioner therein, Doris M. Adkins, is an officer of the respondent society to whom the minor originally complained of her stepfather, and the failure to have an affidavit of fact by some person possessed of direct knowledge concerning the charges to support the petition. (See Children's Court Act, § 10.) It is acknowledged that in a criminal case a mere allegation upon information and belief is insufficient to support a warrant of arrest (*People* v. *Bertram*, 302 N. Y. 526), but it is asserted in behalf of respondent that this is a civil, not criminal, proceeding, as indeed it is (*People* v. *Lewis*, 260 N. Y. 171), and hence it is contended that an allegation upon information and belief is sufficient. (See *Hammond* v. *Citizens Nat. Bank of Potsdam*, 260 App. Div. 374, and 3 Carmody-Wait on New York Practice, § 22, p. 451.) But it seems to me that the fact that the proceeding is civil and not criminal is not determinative of the question of the necessity for direct allegations of fact. It has frequently been held that in cases of civil arrest and in civil cases wherein nonpersonal jurisdiction is sought, the supporting papers must contain direct allegations of fact. (*Zenith Bathing Pavilion* v. *Fair Oaks S. S. Corp.*, 240 N. Y. 307, 312; *Golub* v. *Baruchin*, 203 App. Div. 620; *Boyle* v. *Semenoff*, 201 App. Div. 426; *Strauss* v. *Slater*, 165 App. Div. 926; *Penn Oil & Supply Co.* v. *Cohn*, 131 App. Div. 929; *Wilson* v. *Collins*, 119 App. Div. 88; *Cole* v. *Nash Motors Co.*, 131 Misc. 922; and see Civ. Prac. Act, §§ 816, 833 and 903.)

The arrest or detention of an individual against his will is a serious business, and may not be done except upon the direct

knowledge of the arresting officer or of an affiant in support of a warrant of arrest. (See *People* v. *Belcher,* 302 N. Y. 529.) Hence I think the petition would be insufficient to support an order to take the minor into custody against her will. In many, if not most, situations it is the will of the parental guardian with which we should be concerned. But the circumstances here justify the court considering the will of the minor, temporarily, as against that of her parent.

The court is not unmindful that if this application were granted, presumably one of the witnesses before the Grand Jury could make an affidavit which would afford a basis for jurisdiction of this minor by Children's Court. That, it seems, would be the simple way of avoiding the question now presented. But that has not been done, and the court must determine whether or not Children's Court may act *summarily* to give custody and protection to a complaining minor, pending due hearing of charges affecting the welfare of the child in her home.

Special facts exist in this case. If the serious charges against petitioner's husband and herself are true, the minor should not be released to return to them. Although the court may not assume the charges to be true, it cannot rightly overlook the fact that they have been accepted by the Grand Jury which indicted the stepfather thereon. Furthermore, counsel for petitioner openly states that his clients wish the minor released so that they can talk with her alone. The hearing of the matter in Children's Court has been delayed by them for this purpose; and it is apparent that the proceeding herein is part of the plan of the defense of the stepfather upon his trial under the indictment. Moreover, the minor originally went to the respondent society with her charges against the stepfather and voluntarily sought the protection of the society in Children's Court. The court need not be blind to the patent fact that there is, temporarily at least, a diversity of interest between the minor and her mother, and that this proceeding is not in reality brought on behalf of the minor, but is on behalf of the mother and her husband.

If, as petitioner contends, this minor is recalcitrant and is merely seeking revenge upon her stepfather for having disciplined her, the hearing of the charges in Children's Court should be sufficient remedy. That proceeding will undoubtedly be conducted with all of the usual safeguards of court procedure. (*People* v. *Lewis,* 260 N. Y. 171, 178, *supra.*)

The salient fact in this proceeding is that the minor has asked and still asks for the protection of the court, and is only temporarily " detained ". The Children's Court Act contemplates that a judge of that court may act summarily for the temporary protection of such a minor (Children's Court Act, § 20), pending due notice of hearing and due hearing of the issues involved. Petitioner makes no claim that Children's Court has delayed action in the proceeding. For that reason and because the minor has voluntarily placed herself in the protection of the respondent society and Children's Court, as well as for other reasons, *Matter of Jacobsen* (278 App. Div. 945) and *Matter of Post* (280 App. Div. 268) are not in point.

With respect to another child it was said, " She is not, within the meaning of the constitutional provisions relied upon, deprived of her liberty at all, but rather, for her own welfare, she is intrusted temporarily to the care and custody of a society organized for such and kindred purposes and recognized as a State agency." (*People ex rel. Bolt* v. *Society*, 48 Misc. 175, 177, and see *People* v. *Lewis*, 260 N. Y. 171, 178–179, *supra.*)

Children's Court having lawful custody of this minor, the petition is sufficient to support the proceeding to determine the merits of the charges. (Cf. *People* v. *Belcher*, 302 N. Y. 529, 533, *supra.*)

The writ is, therefore, dismissed, and said minor is remanded to the custody and control of the respondent society, subject to the further direction of Monroe County Children's Court.