Bernard F. McCaffrey, J.
The motion to discharge of record a notice of mechanic’s lien, pursuant to subdivision 6 of section 19 of the Lien Law, is granted. The cross motion to amend notice of lien, nunc pro tunc, under section 12-a of the Lien Law, is denied.
On March 14, 1974 Lamparter Acoustical Products, Ltd., a subcontractor herein, filed a notice of lien wherein it named as the owner in fee of real property the general contractor, Abionic Enterprises, Inc. It is not disputed that the owner of the property is Tempsford Corporation, which owns the Sunrise Mall in Massapequa, New York; that David Muss, S. Joseph Tankoos, Jr. and Sunrise Mall, Inc., are the general lessees; and that the specific lessees of the stores wherein Lamparter performed work, the basis for its lien, are the petitioners, Sbarro Holding Corp. and Sbarro of Sunrise Mall, Inc. It is further agreed the general contractor was Ambionic Enterprises, Inc., who was hired by petitioners and in turn engaged Lamparter. There is no assertion that Ambionic Enterprises, Inc. has any interest in the real property whatsoever.
The petitioners are now applying for an order summarily *557 vacating, canceling and discharging the notice of lien filed by Lamparter Acoustical Products, Ltd. on the grounds that the failure to name the owner in any form is a total failure under the statute.
In accord with subdivision 2 of section 9 of the Lien Law, a notice of lien shall specify the name of the owner of the real property against whose interest a lien is claimed.
Where a party named in an alleged notice of lien as the owner of the real property against whose interest therein a lien is claimed, is not an owner of any interest therein which is defined in the statute, there is a complete failure to comply with the directions thereof and the alleged lien is ineffectual and worthless. (Gates & Co. v National Fire Exposition Assn., 225 NY 142.) In the instant matter the true owners or parties of interest in the real property are not designated at all.
The purported lienor by cross motion, pursuant to section 12-a of the Lien Law, seeks to correct the aforesaid defect by an order nunc pro tunc to afford an amendment of the aforesaid notice of lien to state the names of the true owners. The purported lienor relies upon subdivision 7 of section 9 of the Lien Law, which states in part: "A failure to state the name of the true owner * * * shall not affect the validity of the lien”; and the power vested in the court, pursuant to section 12-a of the Lien Law, to in a proper case make an order amending a notice of lien upon a public or private improvement, nunc pro tunc.
The provisions of subdivision 7 of section 9 of the Lien Law may be used to preserve the validity of a lien, so far as the persons named as owner, and against whom a lien is asked, in fact may have some title or interest; however, it may not be utilized to give a lien against an unnamed owner of the fee (Gates & Co. v National Fire Exposition Assn., supra). Although the provisions of the Lien Law are to be liberally construed (Lien Law, § 23), the power of the court to amend a notice of lien, nunc pro tunc, under the aforesaid section 12-a, is limited and presupposes the existence of a valid lien (Matter of Frank Teicher, Inc., 239 App Div 285).
Since the notice, as stated above, is not valid as it fails to state the true owner, the court, under the guise of an amendment, cannot create a valid lien out of a notice that does not substantially comply with the statutory provisions authorizing its existence. The failure to name the proper owner against whose interest the lien shall attach, is fatal. A lien never *558 existed and this court cannot afford the relief sought by the lienor, which in effect would create a lien.
Accordingly, the application to discharge the notice of lien herein is granted, and the cross motion to amend the notice of lien, -nunc pro tunc, is denied.