■ GARY M. DI PAOLO et al., Appellants, v H.B.M. ENTERPRISES, INC., et al., Respondents. — In an action, *inter alia,* to foreclose a mortgage, plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered December 16, 1982, as denied their motion, *inter alia,* for summary judgment on their first cause of action. Order modified, on the law, by granting plaintiffs' motion as to defendants Ernest R. Csak and Ingeborg

Csak and defendant B & D Paving Company, Inc. As so modified, order affirmed, insofar as appealed from, with one bill of costs to the plaintiffs payable jointly by said defendants. Plaintiffs' mortgage was a "building loan mortgage" under the terms of sections 2 and 13 of the Lien Law. Thus, as a matter of law, by the terms of paragraph 17 of defendants Csaks' mortgage, plaintiffs' mortgage was a superior lien, and plaintiffs are entitled to summary judgment against the Csaks. We have considered the points raised by the Csaks in opposition, and find them to be without merit. As to the notice of lien filed by defendant B & D Paving Company, Inc., it failed to name the true fee owner of record of the subject premises, both initially and when corrected. "A failure to state the name of the true owner or contractor, or a misdescription of the true owner, shall not affect the validity of the lien" (Lien Law, § 9, subd 7). This law "is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same" (Lien Law, § 23). Notwithstanding these provisions, it has been held that "[a]lthough it is expressly provided that the Lien Law must receive liberal construction it may not be extended to cases not clearly within its general scope and purview" (*Gates & Co. v National Fair & Exposition Assn.*, 225 NY 142, 157, citing *Spruck v McRoberts,* 139 NY 193). In *Gates,* it was held that a lien which named the corporate owner of premises by its former, slightly different, name, was valid by virtue of substantial compliance with the statutory requirements, while another, which named as owner an individual who was an officer and stockholder of the corporate owner, was invalid. Here, the lien first named as owner, defendant H.B.M. Enterprises, Inc., when the true owner was defendant Barbara Holmes, and three months later, one day after Holmes had conveyed to H.B.M. and recorded the conveyance, the lien was amended to name Holmes as owner. We therefore follow *Gates* in holding the lien invalid as a matter of law, and granting plaintiffs' motion for summary judgment as against B & D Paving Company, Inc. With regard to the judgment lien of defendant J.W. Moretti Boats, Inc., however, there are substantial and material issues of fact regarding the date of delivery of plaintiffs' mortgage, which would affect the relative priority of the two liens. Thus, a trial is necessary, and summary judgment is precluded. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.