OPINION OF THE COURT
Martin B. Stecher, J.
Plaintiff, in various motions, seeks to amend its complaint (CPLR 3025, subd [b]) to add causes of action for breach of contract, and to amend its notice of lien (Lien Law, § 12-a).
The plaintiff was a subcontractor in the renovation of eight parcels of land on West 22nd Street and West 23rd Street, New York City. A single notice of lien against all eight parcels was filed on March 18, 1982. The defendants move to dismiss the cause of action, seeking foreclosure of the lien.
The alleged misdescription of the property is no basis for dismissal. All of the parcels are properly described by street address; and, at the time of filing, it is apparent that the confusion of “section” and “block” was corrected to show such designations properly (Lien Law, § 9, subd 7).
The description of the “owner” (Lien Law, § 9, subd 2) is another matter. The owner is designated as “Steven. Organization Inc.” Steven is a partner in 23rd Associates, the owner, at *86 one time of all of this realty. On September 1, 1981, when according to the notice of lien, plaintiff began its work, 23rd Associates had already conveyed four of the parcels of record to other owners, who are not named in the notice of lien. An amendment (Lien Law, § 12-a) cannot be utilized when the “owner” originally named in the notice of lien is not shown to have any interest whatever in the realty at the time the notice was filed (Matter of Sbarro Holding Corp. v Lamparter Acoustical Prods., 87 Misc 2d 556). A complete failure to name an owner (Lien Law, § 9, subds 2, 7) requires dismissal of the foreclosure action on those parcels (Contelmo’s Sand & Gravel v J & J Milano, 96 AD2d 1090).
As to the remaining parcels in which 23rd Associates has an ownership interest, the question is:
(a) whether or not a general partner is an “owner” within the meaning of the statute (Lien Law, § 2, subd 3);
(b) whether such a notice is subject to amendment (Lien Law, § 12-a); and
(c) whether amendment will result in prejudice.
A partner is not designated an “owner” by subdivision 3 of section 2, nor is its interest as a partner subject to execution for the partner’s debts (Partnership Law, § 51, subd 2, par [c]). Even though a partner is a “tenant in partnership” the partners are thus not an “owner” within the meaning of subdivision 3 of section 2 of the Lien Law.
In the absence of prejudice, it would seem appropriate to allow amendment where one of two general partners was named and served. As it appears that since the filing of the notice of lien all remaining parcels have been transferred, allowance of an amendment nunc pro tune to list 23rd Associates, the owner, would prejudice the transferees.
Accordingly, the lien foreclosure action is dismissed; the motion to amend the notice of lien is denied; and plaintiff’s motion to amend the complaint is granted to the extent only of allowing plaintiff to serve promptly an amended complaint setting forth the three proposed breach of contract causes of action.