■ In the Matter of TRI QUALITY MECHANICAL CORPORATION, Respondent, v CHAPPASTREAM CORPORATION, Appellant. —In a proceeding for leave to amend, nunc pro tunc, a notice

of lien filed against real property pursuant to Lien Law § 12-a, the appeal is from an order of the Supreme Court, Westchester County (Nastasi, J.), entered July 21, 1987, which granted the application to amend the notice of lien.

Ordered that the order is reversed, with costs, and the petition is denied.

The petitioner furnished labor and materials in the amount of $44,194 for the improvement of real property known as the Chappaqua Mews, located in Westchester County. On April 1, 1987, the petitioner filed a notice of mechanic's lien for that amount in the Westchester County Clerk's office. The lien named Central Federal Savings & Loan, F.S.B. (hereinafter CFSL) as owner, based on the petitioner's belief at the time of filing that CFSL was owner in fee simple of the property. This belief was apparently based on the fact that one Alec W. Ornstein, senior vice-president of CFSL and the alleged president of the respondent Chappastream Corporation (hereinafter Chappastream) assertedly told the petitioner's president that CFSL was the owner of the real property. In the course of instituting an action to foreclose on the lien, a title search revealed that the true owner in fee simple is Chappastream.

On or about June 8, 1987, the petitioner sought, *inter alia,* to amend the notice nunc pro tunc, to substitute Chappastream as owner, asserting on information and belief that Chappastream is a wholly owned subsidiary of CFSL. The source of this belief is stated to be the telephone conversation with Ornstein. No affidavit from Ornstein appears in this record.

By order entered July 21, 1987, the Supreme Court, Westchester County, granted the petitioner's application and amended the notice to substitute Chappastream in the stead of CFSL as owner (it also amended the docket and record of lien in the Westchester County Clerk's office).

The notice of lien did not misdescribe the true owner of the real property as the petitioner contends; rather, it totally misidentified the true owner and as such was jurisdictionally defective and void. While a failure to state the true owner or contractor or a misdescription of the true owner will not affect the validity of a notice of lien (Lien Law § 9 [7]), a misidentification of the true owner is a jurisdictional defect which cannot be cured by an amendment nunc pro tunc *(see, Di Paolo v H.B.M. Enters.,* 95 AD2d 794, 795; *Contelmo's Sand & Gravel v J & J Milano,* 96 AD2d 1090). Similarly, naming an officer and stockholder actively connected with manage-

ment but with no personal interest in the real property of the corporate owner has been held jurisdictionally insufficient to support the lien *(see, Gates & Co. v National Fair & Exposition Assn.,* 225 NY 142, 156; *Cohn v Gersh Realty Corp.,* 137 Misc 245, 246-248, *affd* 233 App Div 795). Thus, even were there a proper basis for the assertion that CFSL owns all of the stock of Chappastream, it would avail the petitioner nothing.

Furthermore, there is little basis in the record to support the petitioner's contention that jurisdiction might be founded on an agency theory. Other than the verified petition, which on information and belief asserts that Chappastream is wholly owned by CFSL, the record lacks any affidavit from anyone to support the petitioner's allegations. The hearsay allegations based on information and belief are insufficient *(see, Swiss Bank Corp. v Eatessami,* 26 AD2d 287, 290; *Golub v Baruchin,* 203 App Div 620). Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.