■ In the Matter of KLEET LUMBER Co., INC., Appellant. DMC MANAGEMENT, INC., et al., Respondents. [602 NYS2d 663] — In a proceeding for leave to amend, nunc pro tunc, a notice of lien filed against real property pursuant to Lien Law § 12-a, the appeal is from a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered May 14, 1991, which dismissed the application and canceled and discharged the notice of lien, and a memorandum decision of the same court, dated April 17, 1991, upon which the judgment was based.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision, and the judgment is affirmed, with one bill of costs.

On September 5, 1990, the appellant filed a notice of mechanic's lien in the Suffolk County Clerk's office naming DMC Management, Inc., and Chalk & Cue Billiard Club, Inc., as the owners of the subject premises. Subsequently, the appellant discovered that the subject premises had actually been owned by a Diana Bowden on the date the notice of lien had been filed. Apparently, DMC Management, Inc., had conveyed the parcel to Chalk & Cue Club, Inc., by a deed dated and recorded on August 22, 1990, and Chalk & Cue Club, Inc., had, in turn, conveyed it to Bowden by deed dated and recorded on August 23, 1990. Bowden herself subsequently transferred the property to Woodmist Estates, Inc., on September 14, 1990, which conveyed it to Joseph Peter Violi and Karen Violi who executed a mortgage in favor of the respondent Citibank. Both of these transactions were recorded on September 19, 1990. The appellant thereafter commenced this proceeding for leave to amend its notice of lien, nunc pro tunc, to name Diana Bowden as the owner of the property as of September 5, 1990. The Supreme Court denied the application, and this appeal ensued.

Contrary to the appellant's arguments, the Supreme Court properly dismissed the application and discharged the notice of lien. Pursuant to Lien Law § 9 (2), a notice of lien must set forth "[t]he name of the owner of the real property against whose interest therein a lien is claimed". However, under

Lien Law § 9 (7), the "failure to state the name of the true owner or contractor, or a misdescription of the true owner, shall not affect the validity of the lien". Although Lien Law § 23 provides that the provisions of the Lien Law are to be liberally construed, it has been held that the above provisions (including Lien Law § 12-a pertaining to amendments of a notice of lien) " 'may not be extended to cases not clearly within its general scope and purview' " *(see, Di Paolo v H.B.M. Enters.,* 95 AD2d 794, 795). In the instant case, the notice of lien did not misdescribe the true owner of the real property or fail to state the true owner. It totally misidentified the true owner (as of the date it was filed) and was, therefore, jurisdictionally defective and void *(see, Matter of Tri Quality Mech. Corp. v Chappastream Corp.,* 138 AD2d 610). "[A] misidentification of the true owner is a jurisdictional defect which cannot be cured by an amendment nunc pro tunc" *(see, Matter of Tri Quality Mech. Corp. v Chappastream Corp., supra,* at 611; *see also, Tech Heating & Mech. v First Downstream Serv. Corp.,* 126 Misc 2d 85). Moreover, since the notice of lien was jurisdictionally defective, the court properly discharged it from the record *(see, Contelmo's Sand & Gravel v J & J Milano,* 96 AD2d 1090). A contrary result is not required merely because the misidentification of the true owner of the property was the result of an inadvertent failure to make a thorough search of the County Clerk's records.

In light of the above disposition, we need not reach the parties' remaining contentions. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.