■ TRI-STATE SOL-AIRE CORP., Respondent, v LAKEVILLE PACE MECHANICAL, INC., Respondent, and OLD TOWNE MEDICAL VILLAGE OWNERS ASSOCIATES, INC., et al., Appellants. [633 NYS2d 834] —In an action to foreclose on a mechanic's lien, (1) the defendant Old Towne Medical Village Associates, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered February 2, 1994, as (a) denied that branch of its motion which was for summary judgment dismissing the cross claim asserted against it by the defendant Lakeville Pace Mechanical, Inc., (b) granted that branch of the plaintiff's cross motion which sought leave to amend the summons and complaint to add as defendants Southampton Medical Properties Associates and DM Development Group, Inc., and to assert a new cause of action, and (c) granted the cross motion of the defendant Lakeville Pace Mechanical, Inc., to

amend its mechanic's lien, and (2) the defendants Old Towne Medical Village Associates, Inc., Southampton Medical Properties Associates, and DM Development Group, Inc., appeal from so much of an order of the same court, dated August 4, 1994, as, upon reargument, adhered to that original determination.

Ordered that the appeal from the order entered February 2, 1994, is dismissed, without costs or disbursements, as that order was superseded by the order dated August 4, 1994, made upon reargument; and it is further,

Ordered that the order dated August 4, 1994, is modified, on the law, by (1) deleting the provision thereof which adhered to the original determination in the order entered February 2, 1994, denying that branch of the motion of the defendant Old Towne Medical Village Owners Associates, Inc., which was for summary judgment dismissing the cross claim asserted against it by the defendant Lakeville Pace Mechanical, Inc., and substituting therefor a provision granting that branch of the motion, (2) deleting the provision thereof which adhered to the original determination in the order dated February 2, 1994, which granted so much of that branch of the cross motion of the plaintiff which was to add a cause of action based upon Lien Law article 3-A against Old Towne Medical Village Owners Associates, Inc., and substituting therefor a provision denying that portion of that branch of the cross motion, and (3) deleting the provision thereof which adhered to the original determination in the order dated February 2, 1994, which granted the cross motion of the defendant Lakeville Pace Mechanical, Inc. to amend its mechanic's lien, and substituting therefor a provision denying that cross motion; as so modified, the order dated August 4, 1994, is affirmed insofar as appealed from, without costs or disbursements, and the action against the defendant Old Towne Medical Village Owners Associates, Inc., is severed; and it is further,

Ordered that the plaintiff's time to serve a second amended complaint, asserting a cause of action under Lien Law article 3-A against Southampton Medical Properties Associates and DM Development Group, Inc., only, is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the defendants' time to serve amended answers to the complaint is extended until 30 days after service upon them of the plaintiff's second amended complaint.

The defendant Lakeville Pace Mechanical, Inc. (hereinafter Lakeville), is a subcontractor hired by general contractor DM Development Group, Inc. (hereinafter DM Development), to

install a heating and ventilation system in the Medical Arts Building being constructed on property owned by the defendant Southampton Medical Properties Associates (hereinafter Southampton). DM Development and Southampton are related entities: the two general partners of Southampton are the two principals of DM Development.

Lakeville in turn subcontracted some of its obligations to the plaintiff Tri-State Sol-Aire Corp. (hereinafter Tri-State). Upon the alleged completion of the job and nonpayment by Lakeville, Tri-State filed a mechanic's lien identifying the owner of the property upon which the construction was being done as the defendant Old Towne Medical Village Owners Associates, Inc. (hereinafter Old Towne). While the property described in the lien was, in fact, owned by Old Towne, it was adjacent to the property owned by Southampton upon which the construction was actually performed. Old Towne and Southampton are related entities: the two general partners of Southampton are also principals of Old Towne and the parcels owned by Old Towne and Southampton were originally commonly owned by yet another related entity with the same general partners as Southampton.

Still under the mistaken belief that Old Towne was the property owner, Tri-State subsequently commenced this action against Lakeville and Old Towne to foreclose on the mechanic's lien. Lakeville then filed a mechanic's lien of its own, also erroneously naming Old Towne as the property owner, and brought a cross claim against Old Towne to foreclose on that lien. By virtue of Old Towne's motion for summary judgment, Tri-State and Lakeville learned of the true ownership of the property, and sought to amend their mechanic's liens to correct that error and to accurately describe the subject property. Tri-State also sought to name Southampton and DM Development as additional defendants, and to assert a cause of action under Lien Law article 3-A to impose a trust upon the moneys received by Southampton and DM Development to assist them in the construction of the Medical Arts Building. The Supreme Court denied Tri-State's request for permission to amend its mechanic's lien and dismissed the cause of action to foreclose the mechanic's lien against Old Towne, but granted Tri-State permission to add the new defendants and the new cause of action. The Supreme Court also granted Lakeville permission to amend its mechanic's lien. Upon reargument, the Supreme Court adhered to its determination, and these appeals ensued.

"While a failure to state the true owner or contractor or a misdescription of the true owner will not affect the validity of

a notice of lien (Lien Law § 9 [7]), a misidentification of the true owner is a jurisdictional defect which cannot be cured by an amendment nunc pro tunc *(see, Di Paolo v H.B.M. Enters., 95 AD2d 794, 795; Contelmo's Sand & Gravel v J & J Milano, 96 AD2d 1090)" (Matter of Tri-Quality Mech. Corp. v Chappastream Corp., 138 AD2d 610, 611)*. Contrary to Lakeville's contention, its naming of Old Towne as the owner of the subject property constitutes a misidentification, and not merely a misdescription *(see, Matter of Tri-Quality Mech. v Chappastream Corp., supra; Contelmo's Sand & Gravel v J & J Milano, 96 AD2d 1090)*. Thus, the lien is jurisdictionally defective and not subject to amendment, and Old Towne is entitled to summary judgment on the cross claim to foreclose on that lien.

The Supreme Court did not err in permitting Tri-State to amend the summons and complaint to assert a claim under Lien Law article 3-A and to add Southampton and DM Development as defendants in connection with that claim. Leave to amend a pleading shall be freely granted *(see, CPLR 3025)*, and it cannot be said that the proposed amendment was patently without merit *(see, Bobrowsky v Lexus, 215 AD2d 424; Preferred Elec. & Wire Corp. v Duracraft Prods., 166 AD2d 425; Brock v Bua, 83 AD2d 61; CPLR 203 [f])*.

However, since Old Towne did not own the property in question, it is not a proper party to the cause of action under Lien Law article 3-A *(see, Lien Law § 70)*.

Tri-State's request for sanctions is devoid of merit *(see, 22 NYCRR 130-1.1)*. Joy, J. P., Hart, Goldstein and Florio, JJ., concur.