■ PM CONTRACTING COMPANY, INC., Respondent, v 32 AA ASSOCIATES LLC, et al., Appellants, et al., Defendants. [772 NYS2d 269]—

Order, Supreme Court, New York County (Edward Lehner, J.), entered August 14, 2003, which, in an action to foreclose a mechanic's lien, inter alia, denied the motion of defendant former property owner 32 AA Associates LLC (32 AA) and defendant former mortgagee Wells Fargo Bank to dismiss the complaint, and granted plaintiff contractor's cross motion to amend its mechanic's lien nunc pro tunc so as to name nonparty 32 Sixth Avenue Company LLC (32 Sixth) as owner of the property, and to amend its complaint so as to add 32 Sixth as a defendant, unanimously modified, on the law, to dismiss the complaint as against defendants 32 AA and Wells Fargo Bank, and otherwise affirmed, with costs to plaintiff payable by 32 Sixth.

Plaintiff worked on the property against which the subject lien was filed between May 23, 2001 and December 14, 2001 pursuant to a contract with the property's tenant, subsequently adjudicated bankrupt and a nonparty herein. The notice of lien was filed on January 15, 2002 and names 32 AA, a Delaware limited liability company, as the property's owner. It appears that 32 AA transferred the property to nonparty 32 Sixth, a Delaware limited liability company formed on June 15, 2001, by deed dated July 3, 2001 and recorded August 24, 2001. At the same time, defendant Wells Fargo assigned its mortgage on the building to another bank. It further appears that 32 AA is the sole member of 32 Sixth, and that both entities share the same address and agent for service of process in New York.

Supreme Court, emphasizing that 32 AA's complete control over all aspects of 32 Sixth's business effectively makes it the property's beneficial owner, rejected 32 AA's argument that the lien totally misidentifies the true owner and is therefore jurisdictionally defective. Instead, the court held that the lien merely misdescribes the owner and could therefore be amended nunc pro tunc to name 32 Sixth (citing Lien Law § 9 [2], [7]; § 12-a [2]; § 23; citing also, inter alia, *Gates & Co. v National Fair & Exposition Assn.*, 225 NY 142 [1919]; *Peachy v First 97-101 Reade St. Assoc.*, 180 AD2d 474 [1992]).

The requirement of Lien Law § 9 (2) that the notice of lien state "[t]he name of the owner of the real property" must be "construed liberally to secure the beneficial interests and purposes" of the Lien Law; "substantial compliance . . . [is] sufficient for the validity of a lien" (Lien Law § 23). While plaintiff apparently neglected to update the title search it had

apparently performed before beginning work, such neglect caused no apparent prejudice to any existing lienors, mortgagees or good faith purchasers (Lien Law § 12-a [2]), and does not otherwise warrant rejection of the lien and dismissal of the action. 32 Sixth is not a good faith purchaser because its transaction with 32 AA was not one at arm's length; indeed, it has to be assumed that no consideration was paid by 32 Sixth to 32 AA for the property since it appears that no transfer tax was paid with the filing of the deed conveying the property. As the only apparent effect of the transaction was a change in name of the property's record owner, and as no one has been prejudiced by plaintiff's use of the name 32 AA instead of 32 Sixth, we deem 32 AA and 32 Sixth to be one and the same entity for present purposes, and find substantial compliance with the statute (*see Gates & Co.*, 225 NY at 155-156). For similar reasons, we find that service on the agent for both 32 AA and 32 Sixth was valid. However, now that 32 Sixth has been added as a defendant, 32 AA is no longer a necessary party (*see Harlem Plumbing Supply Co. v Handelsman*, 40 AD2d 768 [1972]), and we accordingly modify to dismiss the action as against it, as well as against Wells Fargo, the prior mortgagee. Concur—Nardelli, J.P., Saxe, Lerner and Marlow, JJ. [*See* 2003 NY Slip Op 51188(U).]