In a proceeding pursuant to Lien Law § 19 (6), in effect, to *830 summarily discharge a mechanic’s lien (proceeding No. 1), and a related proceeding pursuant to Lien Law § 12-a (2) to amend the notice of the subject lien dated March 23, 2010, nunc pro tunc, inter alia, to correct the name of the owner of the subject premises and to reflect that the lienor is named Vibar Construction Corp., instead of Vibar Construction, Inc. (proceeding No. 2), Vibar Construction Corp., named in proceeding No. 1 as Vibar Construction, Inc., appeals from (1) an order of the Supreme Court, Westchester County (Colabella, J.), entered September 8, 2011, in proceeding No. 1, which granted that branch of the petitioner’s motion which was for leave to reargue the petition in proceeding No. 1, and, upon reargument, inter alia, granted the petition and discharged the mechanic’s lien, and (2) an order of the same court in proceeding No. 2, also entered September 8, 2011, which granted that branch of the motion of Fawn Builders, Inc., and Delilah Rigano which was for leave to reargue the petition in proceeding No. 2, and, upon reargument, denied that petition.
Ordered that the orders are affirmed, with one bill of costs.
Vibar Construction Corp., named in proceeding No. 1 as Vibar Construction, Inc. (hereinafter the appellant), filed a notice of mechanic’s lien dated March 23, 2010, in the Westchester County Clerk’s office naming Fawn Builders, Inc. (hereinafter Fawn), as the owner of the subject premises. Nick Rigano commenced proceeding No. 1 pursuant to Lien Law § 19 (6), in effect, to summarily discharge the mechanic’s lien, arguing that he was the actual owner of the subject premises and alleging further defects in the notice of lien. In support of the petition, Rigano offered a deed dated February 14, 2007, by which the premises was transferred to him from Fawn. The appellant then commenced proceeding No. 2 pursuant to Lien Law § 12-a (2) to amend the notice of lien nunc pro tunc, inter alia, to correct the name of the owner and to reflect that the lienor is named Vibar Construction Corp., instead of Vibar Construction, Inc. In an order dated December 29, 2010, the Supreme Court granted the petition in proceeding No. 1, determining that the notice of lien substantially complied with the Lien Law, and dismissed the petition in proceeding No. 2 as academic. Thereafter, Rigano and Fawn Builders moved for leave to renew and reargue the prior petitions. The Supreme Court granted leave to reargue and, upon reargument, granted Rigano’s petition, in effect, to summarily discharge the mechanic’s lien and denied the appellant’s petition to amend the notice of lien.
Contrary to the appellant’s contention, the Supreme Court properly granted reargument and, upon reargument, properly *831 discharged the mechanic’s lien and denied the appellant’s petition to amend the notice of lien. “While a failure to state the true owner or contractor or a misdescription of the true owner will not affect the validity of a notice of lien (Lien Law § 9 [7]), a misidentification of the true owner is a jurisdictional defect which cannot be cured by an amendment nunc pro tunc” (Matter of Tri Quality Mech. Corp. v Chappastream Corp., 138 AD2d 610, 611 [1988]; see Gates & Co. v National Fair & Exposition Assn., 225 NY 142, 156 [1919]; Tri-State Sol-Aire Corp. v Lakeville Pace Mech., 221 AD2d 519 [1995]; Matter of Kleet Lbr. Co. [DMC Mgt.], 197 AD2d 576 [1993]; Di Paolo v H.B.M. Enters., 95 AD2d 794 [1983]). Here, the notice of lien completely misidentified the true owner of the subject premises as of the date it was filed. Thus, the mechanic’s lien was jurisdictionally defective and was properly discharged by the Supreme Court.
In light of this determination, the parties’ remaining contentions have been rendered academic. Balkin, J.E, Hall, Lott and Sgroi, JJ., concur.