This memorandum is uncorrected and subject to revision before publication in the New York Reports.
-----------------------------------------------------------------
No. 223
In the Matter of Delilah Rigano,
&c.,
             Respondent,
        v.
Vibar Construction, Inc.,
             Appellant.
(And Another Proceeding.)




             Jeffrey Rizzo, for appellant.
             John Brian Macreery, for respondent.










LIPPMAN, Chief Judge:

        The issue on this appeal is whether a notice of

mechanic's lien can be amended nunc pro tunc to reflect the name

- 1 -

of the true owner of the property or whether the misnomer invalidates the lien.  Here, the true owner is the sole shareholder of the listed owner, the conveyance of the property in question from the listed owner to the true owner was not at arm's length, and the public and certainly the true owner here were on notice that a lien had been placed on the property.  The subject notice of lien also provided means for third parties to contact the true owner.  And, significantly, the true owner and listed owner consented to the underlying work that allegedly went uncompensated.  Under the particular circumstances presented, the misnomer is a misdescription that does not constitute a jurisdictional defect and is curable by amendment.

George Vignogna (the sole shareholder of Vibar Construction Corp.) and Nick Rigano (the sole shareholder of Fawn Builders, Inc.) were business partners for over 35 years before deteriorating business conditions in 2007 led to disputes concerning the construction contract at issue here.  Their relationship had consisted of Rigano, through Fawn Builders, Inc. (Fawn Builders), purchasing property and Vignogna, through Vibar Construction Corp. (Vibar), developing the property.  The parties would split the profits and rarely reduced their agreements to writing, trusting in their long-term business relationship to help them avoid any conflict.  During their last project, Vibar constructed a common driveway to access the Pound Ridge, New York property in question and maintains that Rigano and Fawn Builders

failed to compensate it for the construction of the road. The record shows that Rigano consented to construction of the driveway as demonstrated by the construction and easement agreement the parties signed in 2006 (signed by Rigano individually and for Fawn Builders as president).

Vibar filed a notice of mechanic's lien on the property to recover the cost of constructing the road. The notice provided that Fawn Builders owned the property, when it was actually owned by Rigano, Fawn Builders' sole shareholder and president.

Rigano sought to have the lien discharged on the ground that he, not Fawn Builders, owned the property, asserting a jurisdictional defect that invalidated the lien. Rigano had indeed acquired title to the property when, on February 14, 2007, he, as president of Fawn Builders, transferred the property from Fawn Builders to himself, as an individual. The deed stated that Rigano and Fawn Builders were located at the same address, and Rigano signed the deed as "president" of Fawn Builders.

Vignogna petitioned to amend the notice of lien, arguing that naming Fawn Builders as the owner of the lot was a "misdescription" that did not warrant invalidating the lien. He noted that at all times during the parties' partnership, Rigano owned property in his corporation's name. He also contended that the transaction in which the land was transferred from Fawn Builders to Rigano was not one for consideration, noting that

Rigano was the sole beneficial owner of Fawn Builders and signed the deed as president of Fawn Builders, and that there was no indication of any transfer tax having been paid.

After initially holding in favor of Vignogna, and concluding that the notice "substantially complied" with the Lien Law requirements, on reargument and renewal, Supreme Court granted Rigano's petition and discharged the mechanic's lien.

The Appellate Division affirmed, holding that "[w]hile a failure to state the true owner or contractor or a misdescription of the true owner will not affect the validity of a notice of lien, a misidentification of the true owner is a jurisdictional defect which cannot be cured by an amendment nunc pro tunc" (Matter of Rigano v Vibar Const., Inc., 109 AD3d 829, 831 [2d Dept 2013] [quotation marks and citations omitted]).  The Court held that the notice was jurisdictionally defective because it "completely misidentified the true owner of the subject premises," citing its own precedent in Matter of Tri Quality Mech. Corp. v Chappastream Corp. (138 AD2d 610 [2d Dept 1988]) and Tri-State Sol-Aire Corp. v Lakeville Pace Mech. (221 AD2d 519 [2d Dept 1995]) (id.).  This Court granted leave to appeal.

Article 2 of the Lien Law provides that it "is to be construed liberally to secure the beneficial interests and purposes thereof" (Lien Law § 23), which include "provid[ing] security for laborers and materialmen and . . . provid[ing] notice and a degree of certainty to subsequent purchasers"

(<u>Matter of Niagara Venture v Sicoli & Massaro</u>, 77 NY2d 175, 181 [1990]).  It states that "substantial compliance . . . shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same" (Lien Law § 23) and "[a] failure to state the name of the true owner . . . or a misdescription of the true owner, shall not affect the validity of the lien" (Lien Law § 9 [7]).  The Lien Law also authorizes amendment provided it does not "prejudice . . . an existing lienor, mortgagee or purchaser in good faith" (Lien Law § 12-a [2]).  Thus, read together, it explicitly provides that it should be construed liberally, states that a misdescription of the true owner shall not invalidate a lien, and allows amendment where a third party would not be prejudiced.

The Court is mindful of the power a lien gives to the holder over another's property, and, because of the potential for abuse, it must be understood that the Lien Law does not sanction amendment without confirmation that the true owner and listed owner are closely related and there was consent to the construction work.  In <u>Gates & Co. v National Fair & Exposition Assn.</u>, we emphasized that

> "[i]t was not the legislative intent to give a lien upon the property through the filing of <u>any notice</u> describing it; it was intended that such a lien should be acquired as against the title or interest of the person party to or assenting to the agreement under which the work was done" (225 NY 142, 156 [1919] [emphasis added]).

We conclude that the Lien Law authorizes the type of amendment sought under the specific circumstances here where the defect is plainly a misdescription and not a misidentification.

Even with a defect in the naming of the property owner, Lien Law § 9 "preserve[s] the validity of the lien so far as the person named as owner and against whom a lien is asked in fact, may have some title or interest" (Gates, 225 NY at 156). The Gates court permitted amendment where the true owner purchased most of the property under the lien (id. at 155), and there was "common consent" by the parties as to the construction work (id. at 153). Although the true owner of the property in Gates had changed its name from "Empire City Trotting Club" to "Empire City Racing Association" before purchasing the property, and the lien listed the previous corporate name, amendment was allowed because the two corporations were the same entity (see id. at 155). The Court recognized that the misnomer "would give to the public substantially the same notice of the lien [on the property] as if the exact name . . . had been used, or at least . . . would put a person examining the lien docket upon inquiry as to the intent and scope of the lien" (id.). The Court simultaneously denied amendment to another lien where the listed owner was one of many stockholders of the corporate owner (see id. at 156). Whereas the first was a misdescription, the second was a misidentification, which amounted to a jurisdictional defect invalidating the lien.

The First and Third Departments correctly allow amendment where the listed owner is closely related to the true owner, there was consent to the construction work, and a third party would not be prejudiced. In PM Contr. Co. v 32 AA Assocs., the First Department permitted amendment where the listed owner was named 32 AA, but the property had been transferred to 32 Sixth, an entity completely controlled by 32 AA, as its sole board member (see 4 AD3d 198, 199 [1st Dept 2004]). The two companies shared the same address and agent for service of process and no consideration was paid to transfer the property from 32AA to 32 Sixth (see id. at 199-200). Agreeing with Supreme Court that the lien misdescribed the true owner, as opposed to misidentifying it (such as when naming a party with no relationship to the true owner and with no interest in the property), the First Department also reasoned that the "transaction was not one at arm's length," no innocent third-party purchaser was prejudiced by the defect, and "deem[ed] 32 AA and 32 Sixth to be one and the same entity for present purposes" (id.).

The Third Department followed the liberal interpretation required by Lien Law when it allowed amendment in Matter of Carboline Co. v Gold, where the listed owner was a corporation owned by three individuals who, together, owned the property (see 94 AD2d 921 [3d Dept 1983]). The listed owner also signed the contract for the construction materials, showing clear

consent to the work (see id.).  The court characterized this "misdescription of the true owners" as "the kind of failure which subdivision 7 of section 9 of the Lien Law is intended to protect" by allowing amendment (id.).

In contrast, the present, stricter construction contravenes the intent of the statute.  Here, the true owner, Rigano, and the listed owner, Fawn Builders, are closely related, as the deed to the property made clear.  Rigano and Fawn Builders had the same interest and control over the property in question -- Rigano owned 100% of Fawn Builders.  Significantly, the transfer of the property was not accomplished in an arm's length transaction -- no transfer tax was paid and Rigano merely conveyed the property to himself from his corporation.  Further, Rigano had notice of the lien because he shares an address with Fawn Builders.  Naming Fawn Builders gives, at the very least, inquiry notice to the public that there is a lien on the property, and a correct address to contact the true owner.  And Rigano, who appears to have consented to a substantial majority of the work done on the property, signing as an individual and for Fawn Builders as its one and only shareholder, understood that a lien could be placed on the property upon a failure to pay for the work.  This notice of lien would not have caught Rigano off guard.  Finally, no third-party purchaser was or would be prejudiced by this amendment.

Accordingly, the order of the Appellate Division should

be reversed, with costs, and the matters remitted to the

Appellate Division for consideration of the other issues raised

but not determined on the appeal to that court.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed, with costs, and matters remitted to the Appellate
Division, Second Department, for consideration of issues raised
but not determined on the appeal to that court.  Opinion by Chief
Judge Lippman.  Judges Read, Smith, Pigott, Rivera and Abdus-
Salaam concur.

Decided December 16, 2014