■ KIERNAN EQUIPMENT CORP., Respondent, v. CENTRE LIGHTING FIXTURE MFG. Co. et al., Appellants.— In an action to foreclose a mechanic's lien, defendants appeal from an order of the Supreme Court, Suffolk County, dated January 29, 1963, which denied their respective motions for summary judgment. Order

modified by striking out its decretal paragraph denying the motions of all the defendants, and by substituting therefor: (1) a provision granting the motion of defendant Roslyn Savings Bank for summary judgment declaring that its mortgage lien is superior to and his priority over the plaintiff's mechanic's lien, and dismissing the complaint as against the defendant bank; (2) a provision denying the motion of the other defendants for summary judgment in their favor; and (3) a provision severing the action as against the defendant bank. As so modified, the order is affirmed, without costs. No claim is made that at the time it recorded its mortgage on June 7, 1962, the defendant bank had actual notice of plaintiff's mechanic's lien which was filed March 5, 1962. The recording of plaintiff's lien was not constructive notice to the bank because the notice of lien as filed failed to state the name or identity of the true owner. The notice of lien may not be presently amended as to the bank; the bank would be prejudiced thereby (Lien Law, § 12-a). The motion of the other defendants for summary judgment was properly denied since, as to the three defendants with whom plaintiff made the contract, plaintiff may obtain a money judgment against them; and since, as to the remaining defendants, plaintiff claims that they were, in effect, undisclosed principals of the individual defendant Roth. In any event, as to the defendants other than the defendant bank, it does not appear that plaintiff may not cause the notice of lien to be amended so as to state the name or identity of the true owner (Lien Law, § 12-a). Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.