## (September 20, 1976)

■ ASSOCIATED FOOD STORES, INC., Respondent, v CERTIFIED GROCERS ASSOCIATES, INC., et al., Appellants.—In an action *inter alia* to recover for goods sold and delivered, defendants appeal from (1) an order of the Supreme Court, Kings County, dated December 5, 1975, which granted plaintiff's motion for a warrant of seizure and (2) a further order of the same court, dated January 14, 1976, which granted plaintiff's motion for summary judgment. Order dated December 5, 1975 affirmed, without costs or disbursements, order dated January 14, 1976 reversed and motion for summary judgment denied, with $50 costs and disbursements to defendants. The warrant which was granted satisfied all the requirements of section 207 of the Lien Law. Triable issues of fact were presented as to whether defendants purchased merchandise from plaintiff, whether they paid for the merchandise and whether an accord and satisfaction was reached. The presence of those issues amongst others, made it improper to grant the motion for summary judgment. Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.

■ AVON ELECTRICAL SUPPLIES, INC., Appellant, v STUART O. GOLDSMITH et al., Respondents, et al., Defendants.—In an action to foreclose a mechanic's lien, plaintiff appeals from an order of the Supreme Court, Suffolk County, entered January 13, 1976, which (1) denied its application, pursuant to section 12-a of the Lien Law, to amend its notice of lien *nunc pro tunc* and (2) granted respondent Slayton's cross motion to vacate and discharge its notice of lien. Order affirmed, with $50 costs and disbursements. Amendment of the notice of lien under section 12-a of the Lien Law was not a remedy available to plaintiff on the facts of this case because there had not been substantial compliance with the provision of the Lien Law requiring a description of the subject property (see Lien Law, § 9, subd 7; § 23). The lienor described, and filed a lien against, property adjacent to the improved premises. Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.