(December 30, 1988)

■ ADVANCED ALARM TECHNOLOGY, INC., Respondent, v PAVILION ASSOCIATES et al., Appellants.—In an action, *inter alia,* to foreclose two mechanics' liens, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered September 29, 1987 as denied that branch of their motion which was to dismiss the first cause of action asserted in the complaint based upon a notice of lien dated August 6, 1985, and to discharge that lien, and granted that branch of the plaintiff's cross motion which was for leave to amend the notice of lien dated August 6, 1985, nunc pro tunc as of its date, to correct the name of the lienor and the verification thereof.

Ordered that the order is reversed, insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was to dismiss the first cause of action asserted in the complaint against them and to discharge the lien dated August 6, 1985, is granted, and that branch of the cross motion which was to amend the notice of lien is denied.

The plaintiff subcontractor entered into a purchase order with Dedona Slavin Inc., the general contractor of the defendant Pavilion Associates (hereinafter Pavilion), to install alarm and electronic surveillance for the stairwell, lobby, garage, street, and other areas of a 72-unit residential apart-

ment building. In May 1985, Pavilion filed a condominium declaration plan naming it as the fee owner of the residential building, and retaining the right to use or enjoy any one or more apartments or unsold units therein. Between June 10, 1985, and July 24, 1985, at least eight individual units of the condominium were sold and the deeds recorded. The plaintiff filed a notice of mechanic's lien on the entire condominium property on August 6, 1985, which was subsequently discharged by filing of an undertaking of the defendant Aetna Casualty and Surety Company, on Pavilion's behalf.

Both the lien and the undertaking identified the lienor as "James P. Donovan, Jr. d/b/a/ Advanced Alarm Technology". In addition to listing Pavilion as the "owner in fee", the notice of lien described the entire condominium property as being subject to the lien. Finally, the lien was verified by James P. Donovan, the plaintiff's president, in his individual capacity, and it failed to segregate the amount unpaid for labor performed from the amount for materials furnished.

The trial court erred in permitting amendment of the notice of lien to correct the name of the lienor and the verification, and in concluding that the lien substantially complied with the Lien Law, apparently based upon the filing of an undertaking.

Real Property Law § 339-$l$ provides:

"1. Subsequent to recording the declaration and while the property remains subject to this article, no lien of any nature shall thereafter arise or be created against the common elements except with the unanimous consent of the unit owners. During such period, liens may arise or be created only against the several units and their respective common interests.

"2. Labor performed on or materials furnished to a unit shall not be the basis for the filing of a lien pursuant to article two of the lien law against the unit of any unit owner not expressly consenting to or requesting the same, except in the case of emergency repairs. No labor performed on or materials furnished to the common elements shall be the basis for a lien thereon, but all common charges received and to be received by the board of managers, and the right to receive such funds, shall constitute trust funds for the purpose of paying the cost of such labor or materials performed or furnished at the express request or with the consent of the manager, managing agent or board of managers, and the same shall be expended first for such purpose before expending any part of the same for any other purpose".

In enacting this section, the Legislature distinguished between the rights of those who performed labor or furnished materials to the individual unit owners of a condominium, as opposed to the rights of those performing labor on or furnishing materials to the common elements of a condominium *(see, Matter of Country Vil. Hgts. Condominium,* 79 Misc 2d 1088, 1090).

In the case at bar, it is clear that Pavilion did retain an interest in units of the condominium at the time of the filing of the lien and, in this regard, the lien was valid to the extent of that interest *(see,* Real Property Law § 339-*l* [1]; Lien Law, § 2 [3]; *Strauchen v Pace,* 195 NY 167, 170; *Melniker v Grae,* 82 AD2d 798, 799; *Matter of Country Vil. Hgts. Condominium, supra,* at 1091-1094). However, the description of the property subject to the lien was inadequate since it failed to limit the lien to the particular units in the condominium, if any, which were claimed to be subject to the lien, but rather imposed a "blanket lien" on the entire property *(see,* Real Property Law § 339-*l*; Lien Law § 9 [7]; *Matter of Country Vil. Hgts. Condominium, supra,* at 1093). As a result, the lien was invalid as against the defendant Pavilion since it failed to adequately describe the property pursuant to Lien Law § 9 (7), in conformity with Real Property Law § 339-*l*, and, therefore, should have been summarily canceled pursuant to Lien Law § 19 (6). The fact that an undertaking was filed does not alter the result. Aetna Casualty and Surety Company undertook "to pay any judgment which may be rendered against the property for the enforcement of said lien". Since the lien is invalid, the obligation to pay the undertaking will never arise. A court of equity cannot breathe life into a notice of lien that is insufficient *(see, Utterson, Inc. v Snyder,* 224 App Div 471, 473).

In sum, there are several defects in the notice of lien creating a failure to substantially comply with the Lien Law, rendering discharge of the lien appropriate *(see, Empire Pile Driving Corp. v Hylan Sanitary Serv.,* 32 AD2d 563). Mollen, P. J., Eiber, Kooper and Harwood, JJ., concur.