In the Matter of CITY OF ALBANY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents, v DEGRAFF-MOFFLY/GENERAL CONTRACTORS, INC., Appellant. (And Five Other Related Proceedings.)

Third Department, October 25, 1990

## APPEARANCES OF COUNSEL

*Antokol & Coffin (Nicholas E. Tishler* of counsel), for appellant.

*Hodgson, Russ, Andrews, Woods & Goodyear (Robert J. Lane, Jr.,* of counsel), for respondents.

## OPINION OF THE COURT

MERCURE, J.

These six proceedings arise out of claims of DeGraff-Moffly/ General Contractors, Inc. for moneys alleged to be due for improvements made at separate properties in the City of Albany, known as Three City Square and Ash Grove Place Condominiums. On September 27, 1988, DeGraff-Moffly filed a notice of lien claiming $345,607.31 to be due for improvements to the third, fourth and fifth floors of the Three City Square property and thereafter served demands pursuant to Lien Law § 76 on Ronald Krolick and West Eagle Company to examine their books in connection with that project. On September 17 and 28, 1988, DeGraff-Moffly filed three notices of lien claiming $139,308.25 to be due for improvements to the Ash Grove Place property: (1) a blanket lien against the entire property, (2) a lien against condominium unit 2, owned by Steven Strong, Inc., and 20% of the common area of the condominium complex, and (3) a lien against condominium unit 4,

owned by Krolick. In October 1988, DeGraff-Moffly served Lien Law § 76 demands on Krolick and Capt. Samuel Schuyler Mansion, Inc. (hereinafter Schuyler Mansion), at that time the owner of the three unsold condominium units, to examine their books relative to the Ash Grove Place property. Krolick, West Eagle and Schuyler Mansion moved to vacate DeGraff-Moffly's Lien Law § 76 demands and DeGraff-Moffly moved to compel compliance therewith. Subsequently, the City of Albany Industrial Development Agency, owner of the Three City Square property, and Krolick petitioned to have the liens against that property vacated; Schuyler Mansion, Strong and Krolick petitioned for the same relief with respect to the Ash Grove Place property. Supreme Court vacated all liens filed and Lien Law § 76 demands served with respect to both properties. DeGraff-Moffly appeals.

■ ■ As a preliminary matter, we note that DeGraff-Moffly now concedes that the notices of lien filed with respect to the Three City Square property and the Strong condominium were properly discharged. In our view, the remaining liens were properly discharged as well. In the notice of lien against the Schuyler Mansion property, the description of the property subject to the lien was inadequate because it failed to limit the lien to the particular condominium units owned by Schuyler Mansion, but, rather, imposed a "blanket" lien on the entire property (see, *Advanced Alarm Technology v Pavilion Assocs.,* 145 AD2d 582, 584). As such, the lien was invalid against Schuyler Mansion and subject to summary cancellation pursuant to Lien Law § 19 (6) (see, *supra,* at 584). Moreover, the lien was insufficient to encumber the common areas of the complex as there is no evidence of unanimous consent of the unit owners pursuant to Real Property Law § 339-*l* (1). The lien against the Krolick condominium was invalid because it was not served within the four-month Statute of Limitations provided for in Lien Law § 10 with regard to single-family dwellings (see, Lien Law § 19 [6]). We reject DeGraff-Moffly's contention that the longer eight-month Statute of Limitations should apply because the Ash Grove Place property constituted a multiple dwelling. It is the clear intention of the Condominium Act that each condominium unit constitute real property for the exclusive ownership and possession of its owner (see, Real Property Law §§ 339-g, 339-h). Notably, the notice of lien filed by DeGraff-Moffly describes the property as a condominium unit and Krolick's interest as "fee simple".

█ Turning our consideration to Supreme Court's vacatur of the Lien Law § 76 demands, we determine as a threshold matter that the appeal is moot in this regard because an action to enforce a trust created under Lien Law § 70 is now barred by the one-year Statute of Limitations provided for in Lien Law § 77 (2). Moreover, were we to reach the merits, the result would be no different, for none of the demands complied with the requirement of Lien Law § 76 (2) that the request for examination "shall contain * * * a description of the improvement of real property * * * sufficient to identify it and to identify the trust". Here, the requests for examination contain no description of the improvements made to the realty or of the funds alleged to comprise the trust, rendering the demand insufficient *(see, Matter of Warebak Realty Corp. v Enros Constr. Corp.,* 39 Misc 2d 298). Further, the uncontroverted evidence is that none of the parties served with Lien Law § 76 demands are trustees under Lien Law § 70. We find no basis in the record for DeGraff-Moffly's assertion that the various involved entities should be treated for all purposes as one or that officers should be held personally liable for corporate obligations.

█ Finally, the claim that Krolick should be equitably estopped from denying his personal involvement in both projects was not raised in Supreme Court and has not been preserved for our consideration *(see, Matter of Dwyer v Polsinello,* 160 AD2d 1056). Accordingly, Supreme Court's order should be affirmed.

KANE, J. P., WEISS, MIKOLL and YESAWICH, JR., JJ., concur.

Order affirmed, without costs.