In the Matter of DIAMOND ARCHITECTURALS, INC., Appellant, v EFCO CORPORATION et al., Respondents.

In 1987, respondent EFCO, a Missouri corporation, contracted with petitioner-subcontractor Diamond Architecturals to provide the aluminum sash windows for installation by Diamond as part of the curtain wall of the Horizon condominium, a 411 unit residence then being erected at 415 East 37th Street in Manhattan. After Diamond refused to pay it the sum of $296,436 following a dispute regarding the quality of its material, EFCO filed the subject notice of lien in that amount on August 10, 1989. The notice of lien described the property subject to the lien as "415 East 37th Street, New York City, known as The Horizon Condominium and known as * * * Block 969 Lot 6 (description attached)."

However, prior to the filing of the condominium declaration plan on August 11, 1988, the City's Department of Finance cancelled the lot number previously assigned and changed the lot number from Lot 6 to Lots 1001-1412 to reflect the individual condominium units. In addition, between April 1988 and August 1989, when the notice of lien was filed, approximately

267 of the 411 units had been sold to individual owners. Nevertheless, EFCO's notice referred only to respondent developer, Glick Development Affiliates as being the owner of the real property, in fee simple.

Thus, it is clear that while respondent Glick retained an interest in the unsold units when the notice of lien was filed, the description of the property was inadequate and in contravention of Real Property Law § 339-*l* in that it imposes a "blanket lien" on the entire building rather than limiting itself to the particular units in the condominium. Section 339-*l* (1) prohibits creation of a lien against the common elements of the condominium subsequent to the recording of the condominium declaration without the unanimous consent of the unit owners. No such consent is evident nor may it be implied. *(See, Matter of Country Vil. Hgts. Condominium,* 79 Misc 2d 1088, 1090.)* Moreover, the notice of lien is defective in that it fails to specify the correct name of the owner of the real property against whose interest therein a lien is claimed as well as a correct block and lot description in that it omits the names of the individual unit owners and the fact that each unit had previously been given an individual lot designation. *(See,* Lien Law § 9 [2], [7].) While Lien Law § 12-a permits amendment of the notice of lien nunc pro tunc, inasmuch as the notice at issue contains more than one defect, it cannot be said that there has been substantial compliance warranting such an amendment *(Empire Pile Driving Corp. v Hylan Sanitary Serv.,* 32 AD2d 563).

Finally, we agree with our colleagues in the Second Department that the fact that petitioner previously discharged the lien by filing an undertaking pursuant to Lien Law § 19 (4) should not act as a bar to it seeking summary discharge of such lien pursuant to Lien Law § 19 (6). "Since the lien is invalid, the obligation to pay the undertaking will never arise. A court of equity cannot breathe life into a notice of lien that is insufficient" *(Advanced Alarm Technology v Pavilion Assocs.,* 145 AD2d 582, 584). Concur—Sullivan, J. P., Milonas, Kupferman, Asch and Kassal, JJ.