UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, by SIGURD LUCASSEN, as General President, Respondent, v NYACK WATERFRONT ASSOCIATES et al., Defendants, and HELMER-CRONIN CONSTRUCTION, INC., Appellant. (And a Third-Party Action.)

Third Department, July 23, 1992

**APPEARANCES OF COUNSEL**

*Cahill, Gordon & Reindel (John R. Vaughan* and *Gary A. Paranzino* of counsel), for appellant.

*Shamberg Marwell Cherneff Hocherman & Davis, P. C.,* and *Dickstein, Shapiro & Morin (Woody Peterson, Robert J. Higgins, Robert F. Davis* and *Laura A. Vikander* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, J.

This action arises out of the construction and financing of the three-phased Clermont condominium project in the Village of Nyack, Rockland County. In 1985, defendant Nyack Waterfront Associates (hereinafter NWA) acquired a 5.7-acre tract along the Hudson River for purposes of development. Phase I of the project, which encompassed approximately two acres of the tract, was constructed from 1985 to 1987. Defendant Helmer-Cronin Construction, Inc. acted as general contractor providing labor and materials for the project. On April 21, 1987, the construction being substantially complete, NWA established phase I as a condominium by filing a declaration under the Condominium Act (Real Property Law art 9-B). Approximately nine months later, on January 11, 1988, Helmer-Cronin filed a mechanic's lien in the amount of $3,124,499.50 representing unpaid costs for labor and materials in connection with the construction of phase I. The lien, by its terms, covered the *entire* property and listed NWA as the fee owner. While the precise status of phases II and III at this time is unclear from the record, it is undisputed that neither had been declared condominiums and NWA continued to own this remaining acreage in fee simple. During the period between the filing of the declaration establishing phase I as a condominium and the filing of the lien, NWA sold 25 of the 41 units to individual purchasers.

Thereafter, when NWA defaulted on outstanding loans that it took out to purchase the property and to finance the construction, plaintiff, the mortgagee, commenced the instant foreclosure action. In its answer, Helmer-Cronin asserted, *inter alia,* that its mechanic's lien was superior, in whole or in part, to the mortgages. Plaintiff then moved to dismiss Helmer-Cronin's defenses relative to the priority of the lien and sought an order discharging said lien in its entirety on grounds that it was improperly filed as against the individual units and common areas of phase I in violation of Real Property Law § 339-*l* and the notice of lien failed to meet the content requirements of Lien Law § 9. Supreme Court granted

plaintiff's motion and, in separate orders, dismissed the subject affirmative defenses and discharged the lien in its entirety. Helmer-Cronin appealed from both orders. During pendency of the appeal, Helmer-Cronin sought "renewal" of the motion to permit it to respond to "new" evidence set forth in plaintiff's reply papers submitted in connection with the original motion and to argue the applicability of the Court of Appeals' opinion in *Matter of Niagara Venture v Sicoli & Massaro* (77 NY2d 175), which was handed down after oral argument was had but before Supreme Court handed down its decision in the matter. Concluding that the motion was in reality one for reargument and believing that it did not overlook any material facts or misapprehend the law (Helmer-Cronin, by letter, had previously advised the court of the Court of Appeals decision), Supreme Court denied the motion.*

Inasmuch as Helmer-Cronin does not contest that part of Supreme Court's determination that under Real Property Law § 339-*l*, the mechanic's lien is invalid as to phase I of the development, the only issue presented for review is whether the court erroneously discharged the lien as to phases II and III thereof. In this regard, Helmer-Cronin contends that under the Court of Appeals' recent opinion in *Matter of Niagara Venture v Sicoli & Massaro (supra)* the mechanic's lien as to these retained portions of the property survived and was sufficiently in compliance with Lien Law § 9 as to be valid. Plaintiff claims that *Niagara Venture* is inapposite because the case did not concern a condominium development or involve application of Real Property Law article 9-B. Accordingly, relying on *Advanced Alarm Technology v Pavilion Assocs.* (145 AD2d 582) and *Matter of City of Albany Indus. Dev. Agency v DeGraff-Moffly/Gen. Contrs.* (164 AD2d 20), plaintiff asserts that the invalidity of the lien as to phase I due to noncompliance with the requirements of Real Property Law § 339-*l* operates to void the lien as to the entire property.

In our view, *Niagara Venture (supra)* is applicable here and the principles enunciated by the Court of Appeals therein warrant the conclusion that Helmer-Cronin's mechanic's lien, while invalid as to phase I, is nonetheless valid as to NWA's

---

* [1] At the outset we note that because Helmer-Cronin's CPLR 2221 motion was in the nature of reargument rather than renewal, no appeal lies from Supreme Court's denial of the motion *(see, e.g., Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.,* 173 AD2d 203) and it is therefore not reviewable pursuant to CPLR 5517 (b).

retained lands, i.e., phases II and III. In that case, noting that any other construction would subvert the purpose of the Lien Law by permitting a landowner to escape completely his or her responsibility to contractors or suppliers, the majority held that a mechanic's lien which purported to cover the property owner's entire unified tract of land, while invalid against the developed portion of the tract because this part had been conveyed to a third party prior to the filing of the lien, was nonetheless valid against the owner's interest in the *retained,* undeveloped portion thereof. Such is the case here. Unlike the situations in *Advanced Alarm Technology v Pavilion Assocs. (supra)* or *Matter of City of Albany Indus. Dev. Agency v DeGraff-Moffly/Gen. Contrs. (supra)* where the liens in question were coextensive with the condominium property so as to come directly within the purview of Real Property Law § 339-*l,* here the property description of the lien encompassed not only the condominium property (i.e., phase I) but, in addition, as yet undeveloped or partially developed property, both of which are (or once were) part of the same tract of land. In our view, this distinction removes this case from the ambit of *Advanced Alarm Technology* and *City of Albany Indus. Dev. Agency* and places it into the realm of *Niagara Venture.* While, concededly, *Niagara Venture* did not involve a condominium development, we are not persuaded that the developer of a phased condominium project is so distinct from other developers so as to render the reasoning of and the policy concerns underlying that case inapplicable. Indeed, the practical effect of permitting NWA to retain the remainder of the tract (phases II and III) free and clear of the lien simply because the lien is invalid as against phase I (due to noncompliance with Real Property Law § 339-*l)* would be to sanction the same result found unacceptable in *Niagara Venture.*

█ Nor do we believe that this conclusion results in the encumbrance of phase I condominium owners' purported in futuro rights in the common elements of phases II and III in violation of Real Property Law § 339-*l,* as urged by plaintiff. Even assuming, arguendo, that these owners have some rights in the common elements of phases II and III, in our view these "rights" are not subject to Real Property Law § 339-*l.* The plain language of that section, which provides, in pertinent part, that "[s]ubsequent to recording the declaration and while the property remains subject to this article, no lien of any nature shall thereafter arise or be created against the common elements except with the unanimous consent of the

unit owners" (Real Property Law § 339-*l* [1]), makes clear that its protections extend only to the common elements of a property for which a condominium declaration has already been filed. Its protections do *not* extend to any in futuro rights condominium owners may be accorded in the common elements of yet to be established condominiums. Inasmuch as phases II and III have not yet been completed and declarations have not yet been filed establishing them as condominiums, we see no violation of Real Property Law § 339-*l*.

■ Finally, we find that the notice of lien substantially complied with the requirements of Lien Law § 9 (2) and (7). The notice of lien provided that the agreed price and value of labor and materials was $3,124,499.50 as well as clearly indicating the property subject to the lien by referring to the subdivision map filed in the County Clerk's office.

Because of Supreme Court's determination that Helmer-Cronin's lien was invalid in its entirety, it did not have to address the merits of that part of the motion which sought to dismiss Helmer-Cronin's 11th affirmative defense, second counterclaim and fifth cross claim regarding the lien's priority over all or part of the mortgage. In view of our reversal of that determination, the matter must be remitted to Supreme Court to pass upon the sufficiency of these affirmative defenses.

WEISS, P. J., YESAWICH JR., LEVINE and HARVEY, JJ., concur.

Ordered that the order entered March 13, 1991 is modified, on the law, without costs, by reversing so much thereof as ordered the County Clerk to discharge the mechanic's lien of defendant Helmer-Cronin Construction Inc. as pertains to phases II and III of the subject property, and, as so modified, affirmed.

Ordered that the order entered January 23, 1991 is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.