■ In the Matter of ANDREW G. TARANTINO, JR., Appellant, v TOWN OF BROOKHAVEN et al., Respondents, and HOUSE BEAUTIFUL AT CORAM, INC., Intervenor-Respondent.—Appeal by the petitioner from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered September 5, 1990, which dismissed the petition.

Ordered that the judgment is affirmed, with one bill of costs, for reasons stated by Justice Doyle at the Supreme Court. Thompson, J. P., Eiber, Copertino and Pizzuto, JJ., concur.

■ In the Matter of WESTAGE TOWERS ASSOCIATES, Respondent, v ABM AIR CONDITIONING AND REFRIGERATION, INC., Appellant.—In a proceeding to discharge a mechanic's lien pursuant to Lien Law § 19 (6), the appeal is from an order of the Supreme Court, Westchester County (Gurahian, J.), entered September 13, 1990, which granted the petition.

Ordered that the order is affirmed, with costs.

The petitioner, a real estate developer, contracted with the appellant for the design and installation of heating, ventilation and air conditioning systems for a condominium complex known as "Westage Towers East". During the course of the work, the petitioner filed a declaration of condominium (see, Real Property Law art 9-B), identifying the property by individual tax lot numbers, and sold some of the individual units. Thereafter, the appellant filed a notice of lien, describing the property subject to the lien as "Westage Towers East". The Supreme Court granted the petitioner's application to discharge the lien and we affirm.

The description of the property in the notice of lien created a "blanket lien" which is not valid as against the individual units, including the unsold units retained by the petitioner, or the common elements of the condominium (see, Real Property Law § 339-l; Lien Law § 9 [7]; Advanced Alarm Technology v Pavilion Assocs., 145 AD2d 582). Since the lien was invalid, it was subject to summary discharge pursuant to Lien Law § 19 (6).

We note that while, historically, the property description requirement of Lien Law § 9 (7) could be satisfied by a description that was "sufficient to identify the premises" (Jannotta v Noslac Realty Corp., 231 App Div 864), a more stringent rule applies to liens on "the unique legal identity created by the Condominium Act" (Matter of Country Vil. Hgts. Condominium, 79 Misc 2d 1088, 1093). Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.