■ In the Matter of ATLAS TILE AND MARBLE WORKS, INC. and ATAMCO INC., a Joint Venture, Appellant. S & H 88TH STREET ASSOCIATES, Respondent. [595 NYS2d 10] —Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about November 19, 1991, which denied petitioner's application pursuant to Lien Law § 12-a to amend, nunc pro tunc, its mechanic's lien, dated December 22, 1987 and filed on December 23, 1987 in the office of the Clerk of the

County of New York against the interest of the respondent, and granted respondent's cross motion pursuant to Lien Law § 9 (7) to vacate the mechanic's lien, unanimously affirmed, without costs or disbursements.

The IAS Court properly found that petitioner's notice of lien, filed after a Declaration of Condominium on the subject property, was invalid under Lien Law § 9 (7) and Real Property Law § 339-*l* because, by setting forth therein the former superseded lot number for the entire condominium site, it failed to describe properly the specific condominium units that the lienor sought to encumber *(Advanced Alarm Technology v Pavilion Assocs.,* 145 AD2d 582). Moreover, Real Property Law § 339-*l* (1) "prohibits creation of a lien against the common elements of the condominium subsequent to the recording of the condominium declaration without the unanimous consent of the unit owners." *(Matter of Diamond Architecturals v EFCO Corp.,* 179 AD2d 420, 421, *appeal dismissed* 80 NY2d 919.) Lien Law § 12-a, providing for amendments of notices, nunc pro tunc, presupposes the existence of a valid lien and may not be construed to revive an invalid notice of lien. Accordingly, the IAS Court, in vacating the lien, properly determined that petitioner cannot now create a valid lien by amendment of the prior defective lien. *(Avon Elec. Supplies v Goldsmith,* 54 AD2d 552.)

In any event, petitioner, in seeking to amend the notice of lien, nunc pro tunc, failed to demonstrate, as it must, pursuant to Lien Law § 12-a, that the proposed amendment would not prejudice Marine Midland Bank, an existing mortgagee *(Kiernan Equip. Corp. v Centre Light. Fixture Mfg. Co.,* 20 AD2d 895). Subordination of a mortgagee's lien is per se prejudicial. Finally, we note that notice of a defect does not cure the defect or mitigate the prejudice Marine Midland would suffer if the amendment were granted. Concur—Sullivan, J. P., Rosenberger, Wallach and Ross, JJ.