In re GROSSINGER ASSOCIATES, Debtor.

Barbara BALABER–STRAUSS, as Trustee of Grossinger's Associates, a New York Limited Partnership, Plaintiffs,

v.

The COUNTY OF SULLIVAN et al., Defendants.

Bankruptcy No. 89 B 20943 (HS). Adv. No. 91–6206A.

United States Bankruptcy Court, S.D. New York.

June 30, 1993.

McCarthy, Fingar, Donovan, Drazen & Smith, White Plains, NY, for trustee.

Gerald Zisholtz, Mineola, NY, for YH–GDM Const. Venture, Gold Mechanical Corp., Sullivan Sprinkler Co., Inc., Giulio C. Monaco Electric, Inc. and Synthetic Wall Products, Inc.

Orseck, Orseck, Greenberg & Gaiman, Liberty, NY, pro se.

Liebman & Liebman, Rockville Centre, NY, for Bernie Wolff Const. Corp., Haggerty Millwork Corp., J & L Const. Corp. and Palma, Inc.

Schulte, Roth & Zabel, New York City, for Lloyds Bank P.L.C. and Hokkaido Takushoku Bank, Ltd.

## DECISION ON MOTION FOR SUMMARY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The defendant, Orseck, Orseck, Greenberg & Gaiman ("Orseck"), has moved for summary judgment to enforce a prepetition judgment lien for legal services owed by the debtor, Grossinger Associates. Various mechanics' lienors oppose Orseck's motion on the ground that their liens have priority over Orseck's lien. Orseck contends that the parcel of the debtor's unimproved land against which they seek to enforce their judgment lien is not encumbered by any mechanics' liens because it was not and is not part of the same unified tract of land owned by the debtor against which the mechanics' liens were filed.

### FACTUAL BACKGROUND

On December 17, 1989, the debtor filed with this court its petition for reorganizational relief under Chapter 11 of the Bankruptcy Code. On July 30, 1990, the case was converted for liquidation under Chapter 7 of the Bankruptcy Code and a trustee in bankruptcy was thereafter appointed and qualified to act.

In 1986, the debtor purchased various parcels of real property from Grossinger Realty Corp. ("Grossinger Realty") for the purpose of constructing condominiums and maintaining a golf course. For many years prior to the debtor's acquisition of these parcels of land, five of the parcels had been owned and operated by Grossinger Realty as a resort hotel and golf club in Sullivan County, New York.

Grossinger Realty never owned one of the tracts of land acquired by the debtor, known as the Air Farms property ("Air Farms"). Air Farms was owned by the Liberty Airport Authority for the purpose of maintaining an airport near the Grossinger Hotel. This property ultimately reverted to the Town of Liberty, New York and was then deeded to Air Farms, Inc.

In 1986, when the debtor purchased the Grossinger Hotel property and various other parcels of land from Grossinger Realty,

it also purchased Air Farms from the liquidating successor to Air Farms, Inc. The debtor then closed the Grossinger Hotel in order to commence construction of the condominium project. Air Farms was never part of the Grossinger Hotel parcels of property.

The mechanics' liens in question arose in connection with the debtor's efforts to convert the Grossinger Hotel and golf course properties into a golf course condominium project.

The Chapter 7 trustee has liquidated the debtor's properties and has sold the real estate free and clear of liens pursuant to 11 U.S.C. § 363(f), with the liens attaching to the proceeds of sale. The proceeds attributable to Air Farms exceed the judgment lien claimed by Orseck in the sum of $8,736.89.

There is no dispute that the debtor acquired the various parcels of land for the purpose of constructing a golf course and condominiums, and that the debtor held title to the various parcels as a result of separate conveyances from separate grantors. The reconstruction work contemplated under the debtor's building and loan agreement and mortgages, which were the funding sources for the proposed project, related only to the hotel and golf course parcels owned by the debtor. Air Farms, which was not part of the hotel and golf course parcels, was not one of the parcels designated by the debtor for development purposes and cannot be considered as being, or once having been, part of the same tract of land as the hotel and golf course parcels.

## DISCUSSION

In ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine if there is no genuine issue as to any material fact so that the moving party is entitled to a judgment as a matter of law. Federal Rule of Bankruptcy Procedure 7056; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1363, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to a material fact in support of a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511.

It is settled law in New York that a mechanics' lien filed against a unified parcel of land operates against the owner's interest in the entire parcel even if improvements are physically made on only a portion of the property. *Niagara Venture v. Sicoli & Massaro, Inc.*, 77 N.Y.2d 175, 178, 566 N.E.2d 648, 565 N.Y.S.2d 449 (1990); *United Brotherhood of Carpenters v. Nyack Waterfront Associates*, 182 A.D.2d 16, 586 N.Y.S.2d 665 (3d Dep't 1992). In the instant case, the debtor held title to various parcels through separate conveyances from different grantors and contracted with the mechanics' lienors to furnish labor and materials only for the hotel and golf course parcels. Air Farms, which was a separate parcel acquired from a different grantor, was never part of the hotel and golf course parcels of property. In the *Niagara Venture* case, the lower court made an explicit finding that an undeveloped parcel was in fact a unified tract or parcel of land together with the owner's developed parcels of land. The undisputed facts in the instant case reveal that Air Farms was never part of the hotel and golf course parcels and was acquired by the debtor under a separate conveyance from a different owner. In these circumstances, Air Farms cannot be regarded as part of a unified parcel of land owned by the debtor for purposes of supporting mechanics' liens for labor and material furnished to the

hotel and golf course parcels owned by the debtor.

Accordingly, the mechanics' liens filed in this case for labor and materials furnished to the hotel and golf course properties do not apply to Air Farms and their liens will not attach to the proceeds from the sale of Air Farms. Orseck's motion for summary judgment in the sum of $8,736.89 is granted.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter of this proceeding under 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(K).

2. The parcel of the debtor's unimproved land, Air Farms, against which the defendants seek to enforce their judgment lien, is not encumbered by any mechanics' lien because it was not, and is not, part of the same unified tract of land owned by the debtor against which the mechanics' liens were filed.

3. The defendants are entitled to summary judgment in the sum of $8,736.89.

SETTLE ORDER ON NOTICE IN ACCORDANCE WITH THE FOREGOING.