■ In the Matter of M.M.E. POWER ENTERPRISES, INC., Respondent. WOLF & SON ENTERPRISES, INC., Appellant. [613 NYS2d 266] —In a proceeding to foreclose two mechanics' liens, the appeals are from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered June 30, 1992, which, inter alia, limited the property subject to the second lien, and (2) an order of the same court entered July 31, 1992, which, inter alia, discharged both liens.

Ordered that the appeal from the order entered June 30, 1992, is dismissed as academic; and it is further,

Ordered that the order entered July 31, 1992, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Wolf & Son Enterprises, Inc. (hereinafter the appellant) entered into a subcontract agreement with Webmax Construction Corporation to perform work on the petitioner's condominium townhouse development known as The Meadows at Chapel Hill. Following a contract dispute, the appellant filed two mechanics' liens which described the property subject to the liens as "THE MEADOWS AT CHAPEL HILL, CHAPEL HILL ESTATES * * * identified on the City of Peekskill tax map as Section 33.15, Block 1, Lot 2", and listed certain sublots subject to the liens.

The above description of the property subject to the liens was inadequate since it failed to limit the liens to the particular sublots enumerated. Specifically, there was no language in either lien which excluded the condominium common areas or confined the liens to the sublots enumerated (see, Lien Law § 9 [7]; *Matter of Atlas Tile & Marble Works [S&H 88th St. Assocs.]*, 191 AD2d 247; *Matter of Westage Towers Assocs. v ABM Air Conditioning & Refrig.*, 187 AD2d 600; *Advanced Alarm Technology v Pavilion Assocs.*, 145 AD2d 582). Accordingly, the liens were properly cancelled pursuant to Lien Law § 19 (6).

In any event, Real Property Law § 339-*l* (1) prohibits the creation of a lien against the common elements of a condominium, subsequent to the recording of a condominium declaration, without the unanimous consent of the unit owners. We see no reason to preclude the application of this section in this case. The petitioner conveyed all common areas of the development to the Homeowners' Association and recorded a Declaration of Covenants prior to the filing of the liens. Since the appellant's lien notices included the condominium's common areas in the description of the property subject to the liens without the unanimous consent of the Association members, the liens were invalid under Real Property Law § 339-*l* (1) (see, *Matter of Atlas Tile & Marble Works [S&H 88th St. Assocs.]*, supra; *Matter of Westage Towers Assocs. v ABM Air Conditioning & Refrig.*, supra; *Matter of City of Albany Indus. Dev. Agency v DeGraff-Moffly/Gen. Contrs.*, 164 AD2d 20; *Advanced Alarm Technology v Pavilion Assocs.*, supra).

In light of our determination it is unnecessary to address

the parties' remaining contentions. Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.