■ SANTUCCI CONSTRUCTION CORP., Respondent, v JERRY ERRICO, Appellant. [664 NYS2d 953] —In an action, *inter alia,* to foreclose a mechanic's lien, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered July 17, 1996, which, *inter alia,* denied his motion for summary judgment vacating the mechanic's lien, and (2) an order of the same court, entered January 6, 1997, which denied his motion to summarily discharge the lien pursuant to Lien Law § 19 (6) for failure to comply with the requirements of Lien Law § 9 (7).

Ordered that the appeal from the order entered July 17, 1996, is dismissed as academic; and it is further,

Ordered that the order entered January 6, 1997, is reversed, on the law, and the motion to summarily discharge the lien is granted; and it is further,

Ordered that the appellant is awarded one bill of costs.

The notice of lien did not adequately describe the property subject to the lien. Thus, it failed to comply with the requirements of Lien Law § 9 (7) and the mechanic's lien was invalid. Therefore, the motion to summarily discharge the lien should have been granted (*see, Contelmo's Sand & Gravel v J & J Milano*, 96 AD2d 1090; *Hudson Demolition Co. v Ismor Realty Corp.*, 62 AD2d 980). In addition, the lien is not subject to amendment pursuant to Lien Law § 12-a (*see, Matter of Atlas Tile & Marble Works*, 191 AD2d 247; *Avon Elec. Supplies v Goldsmith*, 54 AD2d 552).

The parties' remaining contentions are either without merit or academic in light of this determination (*see, Guzman v Estate of Fluker*, 226 AD2d 676). Miller, J. P., Ritter, Santucci and Florio, JJ., concur.