■ NORTHEAST RESTORATION CORP., Appellant, v K & J CONSTRUCTION CO., L.P., et al., Defendants, and 195 HUDSON STREET ASSOCIATES, LLC, et al., Respondents. [757 NYS2d 542] —Order and judgment (one paper), Supreme Court, New York County (Edward Lehner, J.), entered February 14, 2002, which granted the motion of defendants-respondents, a former building owner and its bonding company, for partial summary judg-

ment dismissing plaintiff's cause of action to foreclose a mechanic's lien, denied plaintiff's cross motion to amend its notice of mechanic's lien so as to have it apply only to the condominium units that were still owned by defendant former building owner at the time the notice was filed, and directed the Clerk to discharge the lien, unanimously affirmed, without costs.

Plaintiff's notice of mechanic's lien, which was filed after the recording of a condominium declaration on the subject building, is invalid under Lien Law § 9 (7) as against specific condominium units because, by setting forth the former superseded single lot number for the entire building rather than the separate lot numbers assigned to each unit in connection with the conversion, it fails to properly describe the specific units that plaintiff sought to encumber (*Matter of Atlas Tile & Marble Works*, 191 AD2d 247 [1993]). Under Real Property Law § 339-*l* (1), such a postdeclaration lien is also invalid as against the building's common elements because it was filed without the unanimous consent of the unit owners (*id.*). Lien Law § 12-a, which allows amendment of notices of lien nunc pro tunc, "presupposes the existence of a valid lien and may not be construed to revive an invalid notice of lien" (*id.* at 248). A contrary result is not warranted merely because the lien's misidentification of the lot numbers and owners was the result of plaintiff's apparently inadvertent failure to make a thorough search of the relevant public records (*see Matter of Kleet Lbr. Co.*, 197 AD2d 576, 577 [1993]). Nor does it avail plaintiff that the former owner bonded an invalid lien (*see Matter of Diamond Architecturals v EFCO Corp.*, 179 AD2d 420 [1992], *appeal dismissed* 80 NY2d 919 [1992]), or that its answer did not affirmatively plead the lien's invalidity (*see Spring Sheet Metal & Roofing Co. v County of Monroe Indus. Dev. Agency*, 226 AD2d 1064, 1066 [1996]). Concur—Tom, J.P., Mazzarelli, Andrias, Rosenberger and Williams, JJ.