■ DANIEL R. MUSSEN, Doing Business as ADIRONDACK MASONRY, Respondent, v FRANKLIN SQUARE ASSOCIATES, V., LLC, et al., Appellants. [803 NYS2d 252]—

Mugglin, J. Appeal from an order of the Supreme Court (Sise, J.), entered September 15, 2004 in Fulton County, which denied defendants' motion for summary judgment dismissing the complaint.

Defendant Franklin Square Associates, V., LLC (hereinafter Franklin Square) contracted with plaintiff to perform masonry work on the Franklin Square Condominium project in the City

of Saratoga Springs, Saratoga County. Plaintiff completed his work in May 2000 and, on July 27, 2000, Franklin Square filed a declaration establishing Franklin Square Condominiums. Thirteen of the 20 condominium units had been sold when, on October 5, 2000, plaintiff filed a notice of lien listing Franklin Square as the full fee owner and describing the property as located "on Railroad Avenue in the City of Saratoga Springs, County of Saratoga, NY." In the present action, plaintiff seeks to foreclose its mechanic's lien against Franklin Square and its managing partner, defendant Robert S. Israel. Defendants moved for summary judgment claiming that the lien was defective because it failed to adequately describe the property, failed to specify the correct owners of the property and, as to the common elements of the condominium, violated Real Property Law § 339-l (1). Supreme Court's denial of defendants' motion prompted defendants' appeal.

As a result of the declaration filed by Franklin Square, a blanket lien against the entire property inadequately describes the unsold units and does not encumber them (*see Matter of City of Albany Indus. Dev. Agency v DeGraff-Moffly/Gen. Contrs.*, 164 AD2d 20, 21-22 [1990]), and is insufficient to encumber the common areas of the complex in the absence of the unanimous consent of all unit owners (*see* Real Property Law § 339-l [1]). Therefore, relying upon *Northeast Restoration Corp. v K & J Constr. Co.* (304 AD2d 306 [2003]), Franklin Square urges that plaintiff's blanket lien is defective and must be summarily discharged as invalid. We disagree and, guided by *Matter of Niagara Venture v Sicoli & Massaro* (77 NY2d 175, 180-181 [1990]), hold that although the lien is invalid as to the condominium building, it remains valid as to the two remaining parcels which were still owned by Franklin Square at the time the mechanic's lien was filed.

Next, defendants argue that the lien is invalid by reason of defects in the description of the property. Again, we disagree. The description is not defective because it includes the condominium complex as well as the balance of defendants' property as it is limited and restricted only to that portion of the property against which it can be enforced (*see East Coast Mines & Materials Corp. v Golf Course Props. Co.*, 228 AD2d 545, 546 [1996]). Moreover, while the description is not perfect, it adequately identifies defendants' property in light of the liberal construction mandated by Lien Law § 23.

Lastly, defendants seek dismissal of the action against Israel. This issue was not addressed by Supreme Court. Nevertheless, the record is clear that Israel has never had an ownership inter-

est in the property at issue and signed the contract with plaintiff as a corporate representative, not individually. Plaintiff has offered no contrary evidence. Accordingly, Supreme Court should have granted this portion of the motion and dismissed the action against Israel as he is not a proper party (*see Maye v Stearns*, 19 AD3d 902, 903 [2005]).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion dismissing the complaint against defendant Robert S. Israel; motion granted to that extent, complaint dismissed against said defendant and limit the mechanic's lien to the two remaining parcels retained by defendant Franklin Square Associates, V., LLC; and, as so modified, affirmed.