■ In the Matter of BRIDGE VIEW TOWER, LLC, Appellant, v Roco G.C. Corp., Respondent. [892 NYS2d 520]—

The petitioner was the owner of certain real property located on Bridge Street in Brooklyn (hereinafter the subject property). The respondent supplied and installed plumbing and fire safety equipment for the petitioner at the subject property, which was being converted into a condominium development. On February 6, 2008, the petitioner filed a condominium declaration with regard to the subject property. On or about June 19, 2008, the

respondent filed a mechanic's lien against the subject property. The lien described the property as being located at "189 Bridge Street" in Brooklyn. The petitioner commenced this proceeding pursuant to Lien Law § 19 (6) to summarily vacate and discharge the mechanic's lien, claiming that the notice of lien failed to adequately describe the property pursuant to Lien Law § 9 (7). The respondent moved for leave to amend the notice of lien pursuant to Lien Law § 12-a to properly reflect the blocks and lots set forth in the condominium declaration against which the lien was to apply, "less any units sold prior to the filing" of the notice of lien. In a proposed amended lien, the respondent included in the description of the property individual lot numbers corresponding to lots created in the condominium declaration, but omitted several of the units therefrom. The Supreme Court denied the petition and granted the respondent's motion. We reverse.

"The description of the property in the notice of lien created a blanket lien which is not valid as against the individual units, including the unsold units retained by the petitioner, or the common elements of the condominium" (*Matter of Westage Towers Assoc. v ABM A.C. & Refrig.*, 187 AD2d 600 [1992] [internal quotation marks omitted]; *see* Lien Law § 9 [7]; Real Property Law § 339-*l* [1]; *Northeast Restoration Corp. v K & J Constr. Co.*, 304 AD2d 306, 307 [2003]; *Matter of M.M.E. Power Enters. [Wolf & Son Enters.]*, 205 AD2d 631, 632 [1994]; *Matter of Atlas Tile & Marble Works [S & H 88th St. Assoc.]*, 191 AD2d 247, 248 [1993]; *Matter of City of Albany Indus. Dev. Agency v DeGraff-Moffly/Gen. Contrs.*, 164 AD2d 20, 22 [1990]; *Advanced Alarm Tech. v Pavilion Assoc.*, 145 AD2d 582, 584 [1988]; *cf. Santucci Constr. Corp. v Errico*, 242 AD2d 696, 697 [1997]). Moreover, "Real Property Law § 339-*l* (1) prohibits the creation of a lien against the common elements of a condominium, subsequent to the recording of a condominium declaration, without the unanimous consent of the unit owners" (*Matter of M.M.E. Power Enters. [Wolf & Son Enters.]*, 205 AD2d at 632). "Since the . . . lien . . . included the condominium's common areas in the description of the property subject to the [lien] without the unanimous consent of the [owners], the [lien was] invalid under Real Property Law § 339-*l* (1)" (*id.*; *see Matter of Atlas Tile & Marble Works [S & H 88th St. Assoc.]*, 191 AD2d at 248; *Matter of Westage Towers Assoc. v ABM A.C. & Refrig.*, 187 AD2d at 600; *Matter of City of Albany Indus. Dev. Agency v DeGraff-Moffly/Gen. Contrs.*, 164 AD2d at 22; *Advanced Alarm Tech. v Pavilion Assoc.*, 145 AD2d at 584).

Here, because the lien was invalid, it was subject to summary

vacatur and discharge pursuant to Lien Law § 19 (6). With regard to the respondent's motion for leave to amend the notice of lien pursuant to Lien Law § 12-a, that section " 'presupposes the existence of a valid lien and may not be construed to revive an invalid notice of lien' " (*Northeast Restoration Corp. v K & J Constr. Co.*, 304 AD2d at 307, quoting *Matter of Atlas Tile & Marble Works [S & H 88th St. Assoc.]*, 191 AD2d at 248; *see Santucci Constr. Corp. v Errico*, 242 AD2d at 697). Thus, the Supreme Court erred in denying the petition and in granting the respondent's motion for leave to amend the notice of lien. Dillon, J.P., Santucci, Florio and Hall, JJ., concur.