Matter of Vanguard Constr. & Dev. Co. v 400 Times Sq. Assoc., LLC (2025 NY Slip Op 01781)

Matter of Vanguard Constr. & Dev. Co. v 400 Times Sq. Assoc., LLC

2025 NY Slip Op 01781

Decided on March 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 25, 2025

Before: Moulton, J.P., Kennedy, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 155792/23|Appeal No. 3876&[M-0363]|Case No. 2024-01755|

[*1]In the Matter of Vanguard Construction & Development Company, Respondent,
v
400 Times Square Associates, LLC, et al., Appellants, Wells Fargo Bank, N.A., et al., Respondents.

Law Offices of Victor A. Worms, New York (Victor A. Worms of counsel), for appellants.
Goetz Fitzpatrick LLP, New York (John B. Simoni, Jr. of counsel), for respondent.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered on or about January 2, 2024, which, to the extent appealed from as limited by the briefs, granted petitioner's motion to amend a notice of mechanic's lien nunc pro tunc and denied the cross-motion to dismiss the proceeding made by respondents 400 Times Square Associates, LLC (400 Times) and Robert G. Friedman (collectively, respondents), unanimously affirmed, with costs.
400 Times was the owner of the building located at 400 West 42nd St., which was designated on the tax map as block 1051, lot 35. By declaration dated January 4, 2017, the building was converted to a condominium. On the tax map, the building was designated as five lots, 1501 through 1505, which superseded the designation of the whole building as lot 35. 400 Times sold the condominium units corresponding to lots 1504 and 1505, and retained ownership of lots 1501 through 1503. It leased the condominium units corresponding to lots 1501 and 1502 to nonparty Pip's Island New York Corp (Pip's). Respondent Friedman is the manager of the condominium board.
Petitioner contractor entered into an agreement with Pip's to build out the leased space. Respondents authorized petitioner's construction work. When Pip's failed to pay the full construction costs and filed for bankruptcy, petitioner commenced a foreclosure action.
Petitioner made good faith efforts to learn the lot designations of the condominium units the commercial tenant occupied, but could not find the recorded information for the leased units, nor would respondents adequately respond to petitioner's requests for the information requested. Therefore, to prepare its notice of lien, petitioner relied upon information in other liens filed against the leased premises that covered lots 35, 1501, 1502, and 1503 in respondents' building.
The court properly granted petitioner's motion to amend the notice of mechanic's lien nunc pro tunc to the extent of removing any reference to lots 35 and 1503, and properly denied the cross-motion to dismiss based on an alleged jurisdictional defect in the notice of lien. Section 23 of the Lien Law (entitled, "Construction of Article") provides that the "article is to be construed liberally to secure the beneficial interests and purposes thereof," and that "substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same." The record establishes that petitioner substantially complied with Lien Law § 9 by sufficiently setting forth in the notice of lien that the construction improvements were made to lots 1501 and 1502, in addition to the other information called for under that statutory provision (see Matter of Rigano v Vibar Constr., Inc., 24 NY3d 415, 419 [2014]; cf. Northeast Restoration Corp. v K & J Constr. Co., 304 AD2d 306, 307 [1st Dept 2003]). Petitioner's motion to amend its notice of lien to strike references to lots 35 and [*2]1503 (see Lien Law §§ 12-a; 9[7]) did not cause any prejudice to respondents, who authorized the contract work, or to the post-conversion purchasers of lots 1504 and 1505. Lien Law § 9 was satisfied by the reference in the notice of lien to the lot numbers where the construction work was performed, and did not require reference to the number of the condominium unit located within the lot.
In addition, the notice of lien was valid under Real Property Law § 339-l. Real Property Law § 339-l(1) recognizes that a lien placed on a lot in a condominium may implicate common elements assigned to that lot, and provides that a lien affecting those common elements would not run afoul of that provision's general proscription against placing liens on common elements in a building (see also Real Property Law §§ 339-g; 339-i[2]; 339-y).
Given that respondents cross-moved to dismiss this special proceeding, it was within the court's discretion to deny them an opportunity to file an answer to the petition where it denied respondents' objections to the petition's legal points (see CPLR 404[a]; Matter of Dodge, 25 NY2d 273, 286-287 [1969]; see e.g. Leonia Bank v Kouri, 3 AD3d 213, 221 [1st Dept 2004]).
We have considered the parties' remaining contentions and find them unavailing, including respondents' counsel's unfounded insinuation that appellant's counsel "used ChatGPT to write [his] brief" without verifying the accuracy of cited case authorities. The court reminds respondents' counsel that, as an officer of the court, such representations must be substantiated, and without evidence, these insinuations can undermine trust and damage one's reputation (see Rules of Prof Conduct [22 NYCRR 1200.00] rule 3.3[a][1]). Counsel's response at oral argument when questioned about his claim was dismissive and his attempt to defend and modulate his accusatory contention was disingenuous.
Upon review of the cases relied upon by appellant, we find no support for respondents' counsel's position.
M-2025-00363 — Vanguard Construction & Development Company v 400 Times Square Associates, LLC, et al.
Motion to strike, granted to the extent of striking a reference
on page 3 of the reply brief to a record citation "R1770-1807,"
and otherwise denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2025