Vanguard Constr. & Dev. Co., Inc. v 400 Times Sq. Assoc., LLC (2025 NY Slip Op 02050)

Vanguard Constr. & Dev. Co., Inc. v 400 Times Sq. Assoc., LLC

2025 NY Slip Op 02050

Decided on April 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025

Before: Renwick, P.J., Kapnick, Shulman, Rodriguez, Rosado, JJ. 

Index No. 155877/20, 155972/23|Appeal No. 4058-4059|Case No. 2024-02673, 2024-05133|

[*1]Vanguard Construction & Development Company, Inc., Plaintiff-Respondent,
v
400 Times Square Associates, LLC, Defendant-Appellant, Wells Fargo Bank, N.A., et al., Defendants.

Law Offices of Victor A. Worms, New York (Victor A. Worms of counsel), for appellant.
Goetz Platzer LLP, New York (John B. Simoni, Jr. of counsel), for respondent.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered on or about April 12, 2024, which, to the extent appealed from as limited by the briefs, denied defendant owner's cross-motion to vacate the notices of mechanic's lien and notice of pendency filed against its property and for summary judgment dismissing plaintiff general contractor's action to foreclose on the mechanic's liens, unanimously affirmed, with costs. Order, same court and Justice, entered on or about July 15, 2024, which to the extent appealed from as limited by the briefs, granted plaintiff's motion to consolidate a related special proceeding (NY County index No. 155792/2023) with the underlying action, unanimously affirmed, with costs.
Plaintiff entered into an agreement with a nonparty commercial tenant to buildout leased space in defendant owner's building, which consisted of two condominium units (lots 1501 and 1502) in the building recently converted to condominium use. Evidence in the form of lease terms, emails, deposition testimony, construction agreements, and filed documents demonstrated that the owner authorized, monitored, supervised, and approved the construction work in the tenant's space that plaintiff contracted with the tenant to perform. When the commercial tenant was unable to pay the full construction costs and filed for bankruptcy, plaintiff commenced this action to foreclose on its filed mechanic's liens.
Despite its good-faith efforts to learn the lot designations of the condominium units the commercial tenant occupied, plaintiff could not find the recorded information for the leased units, nor would defendants adequately respond to plaintiff's requests for such information. Plaintiff therefore relied upon information in other liens filed against the leased premises to prepare its notice of lien that covered lots 35, 1501, 1502, and 1503 in defendant's building. Lot 35 was a superseded lot designation for the building from the time a declaration for the condominium conversion had been filed. Upon conversion, the building was divided into five lots numbered 1501 through 1505. At all relevant times, defendant owner owned and managed lots 1501 through 1503.
The court properly relied upon and took judicial notice of a prior order it had entered in a special proceeding that granted plaintiff's petition to amend its first notice of mechanic's lien nunc pro tunc wherein the court, pursuant to plaintiff's request, removed reference to lots 35 and 1503 in said notice of lien, which defendant had in any event owned at all times since the conversion (see Matter of 20 Fifth Ave., LLC v New York State Div. of Hous. & Community Renewal, 109 AD3d 159, 164-165 [1st Dept 2013]).
Defendant owner's cross-motion to dismiss plaintiff's first notice of lien as jurisdictionally defective for including lots the tenant did not lease, and which covered common areas in the building without prior consent of all the unit owners, was properly denied. Section 23 of the [*2]Lien Law (entitled, "Construction of article") provides that the "article is to be construed liberally to secure the beneficial interests and purposes thereof," and that "substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same." Here, the record establishes that plaintiff substantially complied with Lien Law § 9 by sufficiently setting forth in its first notice of lien that the construction improvements were made to lots 1501 and 1502, along with the other information required under the statutory provision (see Matter of Rigano v Vibar Constr., Inc., 24 NY3d 415, 419 [2014]; cf. Northeast Restoration Corp. v K & J Constr. Co., 304 AD2d 306, 307 [1st Dept 2003]). There was no prejudice to defendant, who authorized the contract work, or to the post-conversion purchasers of lots 1504 and 1505, by plaintiff's motion to amend its notice of lien to strike references to lots 35 and 1503 (see Lien Law §§ 12-a; 9[7]). Reference in the notice of lien to the lot numbers wherein the construction work was performed was sufficient for compliance with Lien Law § 9, and further reference to the designated condominium unit within the lot was not required.
In addition, plaintiff's first notice of lien was not invalid under Real Property Law § 339-l. Real Property Law § 339-l(1) recognizes that a lien placed on a lot in a condominium may implicate common elements assigned to that lot, and provides that a lien affecting those common elements would not run afoul of that provision's general proscription against placing liens on common elements in a building (see also Real Property Law §§ 339-g; 339-i[2]; 339-y).
Triable issues were also raised as to whether plaintiff timely filed its notices of lien. Plaintiff's HVAC subcontractor replaced hot water pumps in the tenant's space in December 2019, within eight months of the filing of the notices of lien, when the original pumps called for under the contract proved inadequate to service the leased space. To the extent evidence also existed in the record to indicate that plaintiff's representative had informed the tenant its work was completed as of March 2019, more than eight months prior to the filing of the notices of lien, the representative, in opposition to the owner's cross-motion, submitted an affidavit stating that the contract work was not then complete, and that the tenant was being prodded for payments that were then due and owing. The representative's comments do not directly conflict with the evidence of possible HVAC replacement work accomplished in December 2019, and at best, raise an issue of fact.
The court also properly found that defendant owner was an affirmative factor in procuring the improvements that the plaintiff made pursuant to the contract with the tenant. As such, defendant owner's consent to the improvements and obligation to pay plaintiff for its contract work on the leased premises may be [*3]inferred (see Lien Law § 3; Ferrara v Peaches CafÉ LLC, 32 NY3d 348 [2018]).
The court providently exercised its discretion in granting plaintiff's motion to consolidate the special proceeding with the instant foreclosure action where the same first notice of lien — which was amended in the special proceeding — is at issue and the parties to both actions are substantially identical. There is "a preference for consolidation in the interest of judicial economy and ease of decision-making" that should not be disturbed "unless the party opposing the motion demonstrates that consolidation will prejudice a substantial right," which the owner has not shown (Matter of Progressive Ins. Co. [Vasquez-Countrywide Ins. Co.], 10 AD3d 518, 519 [1st Dept 2004]; see CPLR 602).
We have considered the owner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2025