In the Matter of JASON FANE, Respondent, v ARMANI PLUMB-
ING AND MECHANICAL, INC., Appellant, and INN TIME
FURNITURE AND FIXTURES, INC., et al., Respondents.

Third Department, June 13, 1991

### APPEARANCES OF COUNSEL

*Menter, Rubdin & Trivelpiece (Penny L. Grey* of counsel), for appellant.

*Holmberg, Galbraith, Holmberg, Orkin & Bennett (Anna K. Holmberg* of counsel), respondent.

CASEY, J.

At issue on this appeal is whether a notice of mechanic's lien, which is properly served on the general contractor, expires pursuant to Lien Law § 11-b when the affidavit of service delivered to the County Clerk mistakenly names the lienor as another subcontractor. In the facts and circumstances of this case, we answer this question in the negative. Supreme Court's order should, therefore, be reversed and the petition dismissed.

Respondent Armani Plumbing and Mechanical, Inc. (hereinafter respondent) furnished certain materials in connection with its work as a subcontractor on a construction project on real property owned by petitioner. Respondent filed a notice of mechanic's lien in the County Clerk's office pursuant to Lien Law § 10, and timely served a copy of the notice of lien on petitioner pursuant to Lien Law § 11. An affidavit of personal service on petitioner was filed in the County Clerk's office in compliance with the proof of service requirement of Lien Law § 11.

In compliance with Lien Law § 11-b, petitioner served a copy of the notice of lien on the general contractor by certified mail. An affidavit of service by mail, showing service on the general contractor, was attached to the notice of lien which respondent filed in the County Clerk's office. The affidavit, however, identified the lienor as Gypsum Wholesalers, Inc. instead of respondent. Someone in the County Clerk's office detached the affidavit of service from the notice of lien and created a separate file with a separate index number for the affidavit of service.

In addition to requiring a subcontractor to serve a copy of the notice of lien on the general contractor, Lien Law § 11-b also provides that "[f]ailure to file proof of such a service with the county clerk within [35] days after the notice of lien is filed shall terminate the notice as a lien". Petitioner contends that because a search of the County Clerk's file concerning respondent's notice of lien reveals no affidavit of service, respondent failed to file the proof of service required by Lien Law § 11-b. We disagree. The record establishes that the County Clerk received both the notice of lien and an affidavit of service, and petitioner does not dispute respondent's allegation that, although the affidavit named another party as the lienor, it was filed for the purpose of showing service of

respondent's notice of lien on the general contractor. It is undisputed that the general contractor received notice of the lien, and there is no evidence that anyone was prejudiced by the mistaken identification of the lienor in the affidavit of service.

In these circumstances, we are of the view that there has not been a "[f]ailure to file proof of such a service" within the meaning of Lien Law § 11-b. Lien Law article 2 "is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien" (Lien Law § 23). The purpose of the amendments which added the provision at issue (L 1988, ch 105) was to ensure timely notice of the filed liens to the owner and general contractor (see, mem of Exec Dept Off of Gen Servs, Governor's Bill Jacket, L 1988, ch 105). Because such notice was clearly given herein, and because there was no prejudice due to the mistaken identification of the lienor, we are of the view that the technical defect should not serve to defeat an otherwise valid lien. Respondent's filing of an affidavit of service, which incorrectly identified the lienor, constituted substantial compliance with the proof of service requirement of Lien Law § 11-b.

MAHONEY, P. J., WEISS, YESAWICH, JR., and HARVEY, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and petition dismissed.