■ FREDERICK GOLDBERG ARCHITECT, P. C., et al., Respondents, v DREAMER REALTY CORP. et al., Appellants, et al., Defendants. [717 NYS2d 914] —In an action to foreclose a

mechanic's lien, the defendants Dreamer Realty Corp. and Henry Bergman appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated November 22, 1999, as denied those branches of their motion which were to dismiss the amended complaint and for a more definite statement in the complaint, and granted that branch of the plaintiffs' cross motion which was for leave to amend the notice of mechanic's lien.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for a more definite statement is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The denial of that branch of the appellants' motion which was for a more definite statement in the complaint pursuant to CPLR 3024 is not appealable as of right (*see,* CPLR 5701 [b] [2]), and leave has not been granted.

Contrary to the appellants' contention, the plaintiffs' original notice of lien was in substantial compliance with Lien Law § 9, and thus was "sufficient for the validity of [the] lien and to give [the court] jurisdiction * * * to enforce the same" (Lien Law § 23). Moreover, the amended notice of lien did not result in any prejudice to the appellants. Accordingly, the Supreme Court properly granted that branch of plaintiffs' cross motion which was for leave to amend the notice of mechanic's lien (*see, Schoenborn v Kauffman,* 220 AD2d 966; *see generally, United Bhd. of Carpenters & Joiners v Nyack Waterfront Assocs.,* 182 AD2d 16).

The appellants' remaining contentions are without merit. Bracken, J. P., O'Brien, Santucci and Florio, JJ., concur.