■ SHAUL CHAZON, Appellant, v OVERLOOK HOLDING, LLC, et al., Respondents. [748 NYS2d 253] —Order, Supreme Court, New York County (Paula Omansky, J.), entered February 11, 2002, which sua sponte dismissed the complaint against both defendants upon defendant Overlook Holding's motion to dismiss the notice of lien for lack of proper service pursuant to

Lien Law § 11, unanimously reversed, on the law, without costs, the complaint reinstated and defendant's motion denied without prejudice to renew following remand for further proceedings in accordance with this decision.

The motion court erred in holding as a matter of law that nonparty Amnon Cohen was not a managing agent of defendant and therefore not a proper person to accept service of the notice of lien on defendant's behalf (*see* Lien Law § 11). Plaintiff's affidavits raise an issue of fact as to whether Cohen acted as defendant's managing agent. Moreover, if after a hearing it is determined that Cohen in fact did so, then plaintiff's filing of the service affidavit in which Cohen was erroneously identified as the premises owner should be deemed to constitute substantial compliance with the proof of service requirement of Lien Law § 11-b, since it is undisputed that Cohen promptly delivered the notice of lien to defendant and there is no evidence that anyone was prejudiced as a result of plaintiff's error (*see Matter of Fane v Armani Plumbing & Mech.*, 168 AD2d 143).

The court in any event erred in dismissing the complaint sua sponte, apparently on the ground that the lien could not be enforced, since there is no claim that plaintiff's allegations do not sufficiently state causes of action in contract and quantum meruit (*see* Lien Law § 54; *240-35 Assoc. v Major Bldrs. Corp.*, 234 AD2d 234). Concur—Nardelli, J.P., Buckley, Ellerin, Rubin and Friedman, JJ.