■ In the Matter of DELILAH RIGANO, Respondent, v VIBAR CONSTRUCTION, INC., Appellant. (Proceeding No. 1.) In the Matter of VIBAR CONSTRUCTION CORP., Appellant, v FAWN BUILDERS, INC., et al., Respondents. (Proceeding No. 2.) [16 NYS3d 766]—In a proceeding pursuant to Lien Law § 19 (6), in effect, to summarily discharge a mechanic's lien (proceeding No. 1), and a related proceeding pursuant to Lien Law § 12-a (2) to amend the notice of the subject lien dated March 23, 2010, nunc pro tunc, inter alia, to correct the name of the owner of the subject premises and to reflect that the lienor is named Vibar Construction Corp., instead of Vibar Construction, Inc. (proceeding No. 2), Vibar Construction Corp., named in proceeding No. 1 as Vibar Construction, Inc., appeals from (1) an order of the Supreme Court, Westchester County (Colabella, J.), entered September 8, 2011, in proceeding No. 1, which, in effect, granted that branch of the motion of Delilah Rigano's decedent, Nick Rigano, which was for leave to reargue the petition in proceeding No. 1, and, upon reargument, inter alia, granted the petition and discharged the mechanic's lien, and (2) an order of the same court in proceeding No. 2, also entered September 8, 2011, which, in effect, granted that branch of the motion of Fawn Builders, Inc., and Delilah Rigano's decedent, Nick Rigano, which was for leave to reargue the petition in proceeding No. 2, and, upon reargument, denied that petition. By decision and order dated September 11, 2013, this Court affirmed the orders of the Supreme Court, Westchester County (*see Matter of Rigano v Vibar Constr., Inc.,* 109 AD3d 829 [2013]). In an opinion dated December 16, 2014, the Court of Appeals reversed the decision and order of this Court, and remitted the matter to this Court "for consideration of issues raised but not determined on the appeal to [this] court" (*Matter of Rigano v Vibar Constr., Inc.,* 24 NY3d 415, 421 [2014]). Justice Austin has been substituted for former Justice Lott (*see* 22 NYCRR 670.1 [c]).

Ordered that, upon remittitur from the Court of Appeals, the order entered September 8, 2011, in proceeding No. 1 is modified, on the law, by deleting the provision thereof, upon reargument, granting the petition and discharging the mechanic's lien, and substituting therefor a provision adhering to the original determination denying the petition; and it is further,

Ordered that, upon remittitur from the Court of Appeals, the order entered September 8, 2011, in proceeding No. 2 is modified, on the law, by deleting the provision thereof, upon reargument, denying the petition, and by substituting therefor a provision adhering to the original determination granting the petition and amending the notice of lien nunc pro tunc; and it is further,

Ordered that one bill of costs is awarded to Vibar Construction Corp.

Under the circumstances of these proceedings, the Supreme Court properly, in effect, granted those branches of the respective motions in proceeding Nos. 1 and 2 which were for reargument. However, the subject notice of lien was in substantial compliance with the requirements of the Lien Law, and the amendments sought would not prejudice any party (*see* Lien Law §§ 23, 12-a [2]). Accordingly, upon reargument, the Supreme Court should have adhered to the original determinations granting Vibar Construction Corp.'s petition in proceeding No. 2 to amend the notice of lien nunc pro tunc and denying the petition in proceeding No. 1 to summarily discharge the lien (*see Matter of Ross School [Eastern Woodworking Specialties]*, 291 AD2d 407 [2002]; *Frederick Goldberg Architect, P.C. v Dreamer Realty Corp.*, 278 AD2d 449 [2000]; *Matter of Fane v Armani Plumbing & Mech.*, 168 AD2d 143 [1991]). "In the absence of a defect upon the face of the notice of lien, any dispute regarding the validity of the lien must await trial of the foreclosure action" (*Care Sys. v Laramee*, 155 AD2d 770, 771 [1989]; *see Matter of Northside Tower Realty, LLC v Klin Constr. Group, Inc.*, 73 AD3d 1072 [2010]; *Executive Towers at Lido v Metro Constr. Servs.*, 303 AD2d 545 [2003]; *Aaron v Great Bay Contr.*, 290 AD2d 326 [2002]). Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.